UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 14-cv-81323-MIDDLEBROOKS

RASHID JAHM, individually and
on behalf of all others similarly situated,

        Plaintiff,

v.

BANKRATE, INC., EDWARD J. DIMARIA,
KENNETH S. ESTEROW, and
THOMAS R. EVANS,

        Defendants.

_____/

## ORDER APPOINTING LEAD PLAINTIFF AND LEAD COUNSEL

THIS CAUSE comes before the Court upon a Motion for Appointment as Lead Plaintiff and Appointment of Lead Counsel (DE 3), filed on November 17, 2014 by the New York City Employees' Retirement System, the New York City Police Pension Fund, the Board of Education Retirement System of the City of New York, and the Teachers' Retirement System of the City of New York (collectively, the "NYC Funds"). Two additional Motions for Appointment As Lead Plaintiff and Approval of Lead Counsel were filed on November 17, 2014 – one by the Arkansas Teacher Retirement System ("Arkansas Teacher") (DE 4), and the other by the City of Los Angeles, acting through its Fire and Police Pensions System, acting by Order of and Through its Board of Fire and Police Pensions Commissioners (the "City of Los Angeles") (DE 5). The NYC Funds' filed a response (DE 6) on December 3, 2014, and the Arkansas' Teachers filed a response (DE 8) on December 4, 2014.

I.      **Background.**

The Complaint was filed against Bankrate, Inc. ("Bankrate"), its former President and Chief Executive Thomas R. Evans, its former Chief Financial Officer Edward J. DiMaria, and its

President and Chief Executive Kenneth S. Esterow (collectively, the "Defendants"), alleging violations of the federal securities laws. (*See* Compl. at ¶¶ 1, 15, 16, 17). Bankrate operates an online personal finance website, which aggregates and publishes personal finance content. (*Id.* at ¶ 3). The Complaint alleges that Defendants made false and misleading statements by, among other things, (1) publishing financial statements that were not prepared or presented in accordance with generally accepted accounting principles, and (2) falsely certifying that Bankrate's internal controls were adequate to prevent the dissemination of false financial results. (*See id.* at ¶¶ 31-47). Consequently, Plaintiff alleges Defendants caused Bankrate's securities to trade at artificially inflated levels, resulting in loses and damages to Plaintiff. (*See id.* at ¶ 8).

## II.    Legal Standard.

Section 21D of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4, establishes a procedure for appointing lead plaintiff in private actions arising under the Exchange Act. 15 U.S.C. § 78u-4(a)(1). First, Section 21D(a)(3)(A)(i) explains that:

> Not later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class –
>
> > (I)    of the pendency of the action, the claims asserted therein, and the purported class period; and
> >
> > (II)    that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

*Id.* at § 78u-4(a)(3)(A)(i).

The statute further directs that, when appointing lead plaintiff, the court is to appoint the "most adequate plaintiff," which is "the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class

2

members." *Id.* at § 78u-4(a)(3)(B)(i).   In making this determination, the Court is guided by a presumption that the most adequate plaintiff is the party who (a) filed the Complaint or made a motion to serve as lead plaintiff, (b) has the largest financial interest in the relief sought by the class, and (c) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. *See id.* at 78u-4(a)(3)(B)(iii)(I).  This presumption may be rebutted by proof that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." *Id.* at § 78u-4(a)(3)(B)(iii)(II).

## III.   Discussion.

On November 17, 2014, three movants (the NYC funds (DE 3), Arkansas Teacher (DE 4), and the City of Los Angeles (DE 5)) timely filed motions seeking appointment as lead plaintiff in this action.[1]   However, all Parties now agree the City of Los Angeles is the most adequate plaintiff because it possesses the "largest financial interest in the relief sought."[2]   15 U.S.C. § 78u-(a)(3)(B)(iii)(I)(bb).   Accordingly, if the City of Los Angeles "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure," it is the presumptively most adequate plaintiff and is entitled to appointment under the PSLRA.   *Id.* at 78u-4(a)(3)(B)(iii)(I).

Rule 23(a) requires that (1) the class be so numerous that joinder of all members is impracticable; (2) there be questions of law or fact common to the class; (3) such claims be typical of those of the class; and (4) the representatives fairly and adequately protect the interests

---

[1] The first complaint filed against Defendant Bankrate was *Tong v. Evans*, 14-cv-81183-KLR (S.D. Fla. Sept. 17, 2014). Notice was published by counsel for plaintiff on September 17, 2014. (DE 3 at n.2), (DE 4 at 6). Accordingly, any member of the proposed class was permitted apply to be appointed lead plaintiff on or before November 17, 2014.

[2] In response, the NYC Funds "believe Los Angeles to be the movant with the largest financial interest in this litigation" and supports "the appointment of Los Angeles as lead plaintiff . . ." (DE 6 at 1). Arkansas Teacher also filed a response, noting "it appears that Arkansas Teacher does not possess the 'largest financial interest in the relief sought by the class . . . .'" (DE 8 at 1).

of the class. Fed. R. Civ. P. 23(a). However, at the lead plaintiff selection stage, all that is required is a preliminary showing that the lead plaintiff's claims are typical and adequate. *See Miller v. Dyadic Int'l*, No 07-cv-80948, 2008 WL 2465286, at *6 (S.D. Fla. Apr. 18, 2008) ("Of [Rule 23's] prerequisites, only two – typicality and adequacy – are relevant in deciding a motion for appointment of lead plaintiff.") (citations omitted); *see also In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002) (noting that when a court is determining whether the most adequate plaintiff satisfies the requirements of Rule 23, the court should pay "particular" attention to the typicality and adequacy requirements).

The typicality requirement of Rule 23(a)(3) is satisfied where "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). A claim is typical when it shares the same "essential characteristics as the class at large." *Prado-Steinman ex rel. Prado v. Bush*, 221 F.3d 1266, 1278-79 n. 14 (11th Cir. 2000). Here, the typicality requirement is met because the City of Los Angeles' "claims arise from the same factual predicate and involve the same legal arguments as those of the other class members." (DE 9 at 5).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The Eleventh Circuit has instructed that adequacy of representation is primarily based on "the forthrightness and vigor with which the representative party can be expected to assert and defend the interests of the . . . class" and "whether plaintiffs have interests antagonistic to those of the rest of the class." *London v. Wal-Mart Stores, Inc.*, 340 F.3d 1246, 1254 (11th Cir. 2003) (citing *Kirkpatrick v. J.C. Bradford & Co.*, 718, 726 (11th Cir. 1987)). Here, the City of Los Angeles is an institutional investor "responsible for approximately $18.3 billion in assets on behalf of more than 25,000 participants," making the

4

City of Los Angeles precisely the type of institutional investor that PSLRA intended to serve as lead plaintiff. *See In re Cendant Corp. Litig.*, 264  H.R. Rep. No. 104-369, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730,733 (noting PSLRA was intended "to increase the likelihood that institutional investors and other class members with large amounts at stake will represent the interests of the plaintiff class more effectively than class members with small amounts at stake."). Further, the City of Los Angeles represents its "interests are not antagonistic to the class and Los Angeles has retained counsel that is capable and qualified to vigorously represent the interests of the class." (DE 9 at 6). Accordingly, the City of Los Angeles is an adequate representative for the class.

Based on the foregoing, the City of Los Angeles satisfies the requirements in order to be appointed lead plaintiff under PSLRA because (1) it has complied with PSLRA's procedural requirements, (2) possesses the largest financial interest of any qualified movant, and (3) satisfies Rule 23's typicality and adequacy requirements. PSLRA also vests authority in the lead plaintiff to select lead counsel, subject to approval by the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v) ("[T]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class."). Here, the City of Los Angeles seeks approval of Kessler Topaz Meltzer & Check, LLP as Lead Counsel for the class and Saxena White P.A. as Liaison Counsel for the class. Because no other movant objects to the appointment, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. The NYC Funds' Motion for Appointment as Lead Plaintiff and Appointment of Lead Counsel (DE 3) is **DENIED**;

2. The Arkansas Teachers' Motion for Appointment as Lead Plaintiff and Approval of Selection of Counsel (DE 4) is **DENIED**;

3. The City of Los Angeles' Motion for Appointment as Lead Plaintiff and Approval of its Selection of Counsel (DE 5) is **GRANTED**;

4. Pursuant to 15 U.S.C. § 78u-4(a)(3)(B), the City of Los Angeles, Acting Through its Fire and Police Pension System, Acting by Order and Through its Board of Fire and Police Pension Commissioners, is **APPOINTED** to serve as Lead Plaintiff in this Action;

5. Kessler Topaz Meltzer & Check, LLP is **APPROVED** as Lead Counsel for the class. Lead Counsel shall have the following responsibilities and duties to perform: (a) to brief and argue motions; (b) to initiate and conduct discovery, including, without limitation, coordination of discovery with defendants' counsel, the preparation of written interrogatories, requests for admissions and requests for production of documents; (c) to direct and coordinate the examination of witnesses in depositions; (d) to act as spokesperson at pretrial conferences; (e) to initiate and conduct any settlement negotiations with counsel for defendants; (f) to consult with and employ experts; and (g) to perform such other duties as may be expressly authorized by further order of this Court; and

6. Saxena White P.A. is **APPOINTED** as Liaison Counsel for the Class.

**DONE AND ORDERED** in Chambers in West Palm Beach, Florida, this _15_ day of January, 2015.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

cc: Counsel of Record

6