UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 14-cv-81323-MIDDLEBROOKS

THE CITY OF LOS ANGELES, ACTING
THROUGH ITS FIRE AND POLICE
PENSION SYSTEM, ACTING BY ORDER
OF AND THROUGH ITS BOARD OF
FIRE AND POLICE PENSION
COMMISSIONERS, individually and on
behalf of all others similarly situated,

      Plaintiff,

v.

BANKRATE, INC., EDWARD J. DIMARIA,
KENNETH S. ESTEROW, GOLDMAN, SACHS
& CO., MERRILL LYNCH, PIERCE, FENNER
& SMITH INCORPORATED, RBC CAPITAL
MARKETS, LLC, AND STEPHENS, INC.

      Defendants.

_____/

## ORDER GRANTING LEAD PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT

This CAUSE comes before the Court on Lead Plaintiff's Unopposed Motion for Preliminary Approval of Proposed Class Action Settlement ("Motion") (DE 155), filed July 18, 2016. For the following reasons, the Motion is granted.

## I.    BACKGROUND

Defendant Bankrate, Inc. ("Bankrate") is an online publisher of personal financial information that generates revenue through advertisements on its websites and lead generation. (2d Am. Compl. at ¶ 35). City of Los Angeles, acting through its Fire and Police Pension System and through its Board of Fire and Police Pensions Commissioners, individually and on behalf of all others similarly situated ("Lead Plaintiff") is a public pension system that provides retirement benefits to all sworn employees (fire, police, and certain port police) of the City of Los Angeles. (*Id.* at ¶ 34). Lead Plaintiff purchased

Bankrate common stock between August 1, 2012 through October 9, 2014 (the "Class Period"), and also purchased Bankrate common stock in a March 2014 offering. (*Id.*).

Lead Plaintiff filed the Second Amended Complaint on December 8, 2015, alleging securities fraud under the Securities and Exchange Act of 1934 and violations of the Securities Act of 1933. (*Id.*). Lead Plaintiff alleges certain Defendants manipulated Bankrate's public filings to reflect "financial results in 2012 to artificially inflate key financial metrics in order to meet market expectations." (*Id.* at ¶ 1).

On April 26, 2016, the Parties attended a full-day mediation session facilitated by Jed Melnick, a mediator with experience mediating securities class actions. (DE 155 at 6). Although the Parties did not resolve the case at that time, the Parties later agreed to settle the case for $20,000,000, based on Mr. Melnick's recommendation.

On July 18, 2016, the Parties filed a Stipulation and Agreement of Settlement. (DE 154). Lead Plaintiff then filed the instant Motion. (DE 155). The Motion is unopposed. (*Id.*). In the Motion, Lead Plaintiff requests an order: (1) preliminarily approving the proposed settlement; (2) certifying a class for settlement purposes only; (3) appointing Lead Plaintiff as the class representative and Kessler Topaz Meltzer & Check, LLP ("Kessler Topaz") as class counsel for settlement purposes only; (4) approving the Notice; (5) approving the appointment of JND Legal Administration to serve as the Claims Administrator; and (6) setting a date for the Settlement Fairness Hearing. (*Id.* at 3).

## II.   CONDITIONAL CERTIFICATION FOR SETTLEMENT PURPOSES

Lead Plaintiff seeks certification of a class for settlement purposes only. (DE 155 at 11). The proposed settlement class includes:

> all persons and entities who or which purchased or otherwise acquired the common stock of Bankrate during the period from October 27, 2011 through October 9, 2014, inclusive (the "Settlement Class Period"), including in the March 2014 Secondary Offering of Bankrate common stock.

(*Id.* at 4).  The proposed settlement class excludes Defendants and others closely tied to Defendants.[1]

"A suit may be maintained as a class action only if the four prerequisites of Rule 23(a) are satisfied and, in addition, the case satisfies one of the requirements of Rule 23(b)."  *Kirkpatrick v. J.C. Bradford & Co.*, 827 F.2d 718, 721 (11th Cir. 1987).  District courts "must independently determine whether [the] case meets the requirements for class certification under Federal Rule of Civil Procedure 23(a) and 23(b), even if the certification is only for settlement purposes."  *Borcea v. Carnival Corp.*, 238 F.R.D. 664, 676 (S.D. Fla. 2006) (citing *Amchem Prods. v. Windsor,* 521 U.S. 591, 621 (1997)).  Here, the four requirements of Rule 23(a) and the requirement under Rile 23(b)(3) are satisfied.

### A. Rule 23(a) Requirements

Rule 23(a) provides that a class may only be certified if:

> (1) the class is so numerous that joinder of all members is impracticable;

> (2) there are questions of law or fact common to the class;

> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).  "These four prerequisites of Rule 23(a) are commonly referred to as numerosity, commonality, typicality, and adequacy of representation, and they are designed to limit class claims to

---

[1] The full exclusion reads as follows:

> Excluded from the Settlement Class are Defendants and Former Defendants; members of the Immediate Family of any Defendant or Former Defendant; any firm, trust, corporation, or other entity in which any Defendant or Former Defendant has or had a controlling interest, and any legal representatives, heirs, successors-in-interest, or assigns of any excluded party.  Notwithstanding the foregoing exclusions, Investment Vehicles shall not be excluded from the Settlement Class. Also excluded from the Settlement Class are any persons and entities who or which exclude themselves from the Settlement Class by submitting a request for exclusion that is accepted by the Court.

(DE 155 at 2 n.3).

those fairly encompassed by the named plaintiffs' individual claims." *Valley Drug Co. v. Geneva Pharm., Inc.*, 350 F.3d 1181, 1188 (11th Cir. 2003) (internal quotations omitted). Here, all four prerequisites are satisfied.

**Numerosity.** Securities fraud actions based on public misrepresentation are generally considered to satisfy the numerosity requirement. *Zeidman v. J. Ray McDermott & Co.*, 651 F.2d 1030, 1039 (5th Cir. 1981) ("[T]he prerequisite expressed in Rule 23(a)(1) is generally assumed to have been met in class action suits involving nationally traded securities."); *Aranaz v. Catalyst Pharm. Partners Inc.*, 302 F.R.D. 657, 664 (S.D. Fla. 2014) ("Securities fraud actions predicated on public misrepresentations typically satisfy Rule 23(a)(1) where the securities were traded on a national public exchange, as the putative class members are likely to be numerous, geographically dispersed and difficult to identify."). Here, the action concerns alleged misrepresentations relating to "approximately 100 million shares of common stock outstanding at the end of 2011, 2012, 2013, and 2015, respectively," which were traded on the New York Stock Exchange ("NYSE"). (DE 115 at 11). The proposed class, therefore, satisfies the numerosity requirement.

**Commonality.** "Commonality requires the plaintiff to demonstrate that the class members 'have suffered the same injury[.]'" *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349-50 (2011). Here, Lead Plaintiff alleges Defendants engaged in a scheme to inflate financial results to defraud investors. I, "like many other similar securities cases in this Circuit," find that the commonality prong has been satisfied by allegations of a scheme to defraud investors through misrepresentations and omissions of information. *Cheney v. Cyberguard Corp.*, 213 F.R.D. 484, 490 (S.D. Fla. 2003) (finding commonality where plaintiffs "alleged that [d]efendants perpetrated a massive fraudulent scheme against investors through uniform misrepresentations and omissions in filings made with the SEC, in [] press releases, and in other documents"); *see also Walco Investments, Inc. v. Thenen*, 168 F.R.D. 315, 335 (S.D. Fla. 1996) (finding commonality based on fraudulent scheme).

4

**Typicality.**   To satisfy the typicality requirement, "[c]lass members' claims need not be identical . . . rather, there need only exist a sufficient nexus between the legal claims of the named class representatives and those of individual class members to warrant class certification." *Ault v. Walt Disney World Co.*, 692 F.3d 1212, 1216 (11th Cir. 2012) (internal citations and quotations omitted). The nexus where "the claims or defenses of the class and the class representative arise from the same event or pattern or practice and are based on the same legal theory." *Id.* (internal citations and quotations omitted).

Here, Lead Plaintiff, like each of the proposed class members, purchased Bankrate common stock during the Settlement Class Period at prices that were allegedly inflated by misrepresentations and omissions. Lead Plaintiff's claims are, therefore, typical of the class.

**Adequacy of representation.**   Adequacy of representation "encompasses two separate inquiries: (1) whether any substantial conflicts of interest exist between the representatives and the class; and (2) whether the representatives will adequately prosecute the action." *Busby v. JRHBW Realty, Inc.*, 513 F.3d 1314, 1323 (11th Cir. 2008).   "Adequate representation is presumed in the absence of contrary evidence." *Ass'n For Disabled Americans, Inc. v. Amoco Oil Co.*, 211 F.R.D. 457, 464 (S.D. Fla. 2002).

Here, there is no evidence that substantial conflicts of interest exist between the representatives and the proposed class members.  Moreover, there is no indication that the representatives—who share similar claims against Defendants—will not prosecute the action.  To the contrary, the litigation of this case, involving the briefing of two Complaints and two Motions to Dismiss, indicates the representatives seek to vigorously prosecute this action.

**B. Rule 23(b)(3) Requirements**

In addition to meeting the four requirements of Rule 23(a), plaintiffs must also meet one of the requirements of Rule 23(b).  Lead Plaintiff seeks certification under Rule 23(b)(3).  (DE 155 at 13). Rule 23(b)(3) is satisfied if: (1) "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members" ("predominance") and (2) "that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy" ("superiority").  Fed. R. Civ. P. 23(b)(3).

**Predominance.**  "Predominance is a test readily met in certain cases alleging . . . securities fraud[.]"  *Id.* at 625.  This is because securities fraud claims involve "several common issues, including: whether Defendants made a misleading statement, whether that statement was material, whether Defendants made that statement with scienter and whether Defendants made that statement in connection with the purchase or sale of securities." *Aranaz*, 302 F.R.D. at 667.  Considering whether 'questions of law or fact common to class members predominate' begins, of course, with the elements of the underlying cause of action." *Local 703, I.B. of T. Grocery & Food Employees Welfare Fund v. Regions Fin. Corp.*, 762 F.3d 1248, 1253 (11th Cir. 2014).

Here, Lead Plaintiff brings claims under the Securities Act and the Exchange Act.  As to Lead Plaintiff's claims under the Securities Act, the claims concern the same alleged statements in 2012 and turn on whether they were material misrepresentations or omissions. *Ehlert v. Singer*, 245 F.3d 1313, 1316 (11th Cir. 2001) ("[I]n order to state a claim under §§ 11 and 12, Plaintiffs must allege that there was a material misrepresentation or omission.").  The questions under the Securities Act, therefore, predominate.

Turning to the Exchange Act claims, "[w]hether common questions of law or fact predominate in a securities fraud action often turns on the element of reliance." *Local 703*, 762 F.3d at 1253. Where plaintiffs are entitled to the presumption of reliance, common questions will predominate. *Id.*

Plaintiffs are entitled to the presumption of reliance if they establish: "(1) that the alleged misrepresentations were publicly known, (2) that they were material, (3) that the stock traded in an efficient market, and (4) that the plaintiff traded the stock between the time the misrepresentations were made and when the truth was revealed." *Halliburton Co. v. Erica P. John Fund, Inc.*, 134 S. Ct. 2398, 2408 (2014).

Here, Lead Plaintiff is entitled to the presumption of reliance. First, Lead Plaintiff's claims are based on Defendants' alleged misrepresentations and omissions concerning public SEC filings. Second, materiality need not be established at the class certification stage. *Amgen Inc. v. Connecticut Ret. Plans & Trust Funds*, 133 S. Ct. 1184, 1196, 185 L. Ed. 2d 308 (2013). Third, Bankrate's stock was traded on the NYSE and otherwise appears efficient during the Settlement Class Period. *See Local 703*, 762 F.3d at 1258. Finally, Lead Plaintiff purchased stock after the alleged misrepresentations were made but before the truth was revealed. Accordingly, Lead Plaintiff has established the presumption of reliance for certification purposes and predominance as to its Exchange Act claims.

**Superiority**. Plaintiffs must also establish the superiority of class action to resolve the multiple disputes. A non-exhaustive list of relevant factors to determine the superiority of a class action include:

> (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
>
> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
>
> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
>
> (D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3). "Confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems, *see*

Fed. Rule Civ. Proc. 23(b)(3)(D), for the proposal is that there be no trial. But other specifications of the Rule—those designed to protect absentees by blocking unwarranted or overbroad class definitions—demand undiluted, even heightened, attention in the settlement context." *Amchem*, 521 U.S. at 620.

In this case, a class action is superior to other available methods. Due to the number of potential plaintiffs who purchased stock within the Settlement Period, "separate actions by each of the class members would be repetitive, wasteful, and an extraordinary burden on the courts." *Kirkpatrick*, 827 F.2d at 725. Moreover, based on Lead Plaintiff's representation, there do not appear to be "any actions that have been filed by any of the individual putative Settlement Class Members." (DE 155 at 17). Finally, due to the predominance of the claims, class action is a more manageable means of adjudicating the numerous individual actions. *Sacred Heart Health Sys., Inc. v. Humana Military Healthcare Servs., Inc.*, 601 F.3d 1159, 1184 (11th Cir. 2010) ("[P]redominance analysis has a tremendous impact on the superiority analysis for the simple reason that, the more common issues predominate over individual issues, the more desirable a class action lawsuit will be as a vehicle for adjudicating the plaintiffs' claims, both relative to other forms of litigation such as joinder or consolidation, and in absolute terms of manageability.") (internal quotations omitted).

At this stage, it appears Lead Plaintiff has met the requirements for certification for settlement purposes. The class is, therefore, conditionally certified. Final certification will be made after a settlement fairness hearing is conducted. *See Plaintiff Ass'n For Disabled Americans, Inc. v. Amoco Oil Co.*, 211 F.R.D. 457, 466 (S.D. Fla. 2002) (ordering final class certification after settlement fairness hearing.).

## III.   PRELIMINARY APPROVAL

Judicial approval of a settlement is governed by Federal Rule of Civil Procedure 23(e). *Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984). Rule 23(e) provides that "[t]he claims, issues, or

8

defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval." Fed. R. Civ. P. 23(e). However, "Rule 23(e) . . . does not provide any standards for such approval. . . . [T]he district court must find that it is fair, adequate and reasonable and is not the product of collusion between the parties." *Bennett*, 737 F.2d 982, 986 (11th Cir. 1984) (internal quotations omitted).

"Approval of a class-action settlement is a two-step process. In the first step, the Court determines whether the proposed settlement should be preliminarily approved. At the preliminary-approval step, the Court is required to 'make a preliminary determination on the fairness, reasonableness, and adequacy of the settlement terms.'" *Fresco v. Auto Data Direct, Inc.*, No. 0361063CIV-MARTINEZ, 2007 WL 2330895, at *4 (S.D. Fla. May 14, 2007) (internal citations omitted); *Wilson v. Everbank, N.A.*, No. 14-CIV-22264, 2015 WL 10857344, at *1 (S.D. Fla. Aug. 31, 2015).

"Public policy strongly favors the pretrial settlement of class action lawsuits." *In re HealthSouth Corp. Sec. Litig.*, 572 F.3d 854, 862 (11th Cir. 2009) (internal quotations omitted). Thus, "[p]reliminary approval is appropriate where the proposed settlement is the result of the parties' good faith negotiations, there are no obvious deficiencies and the settlement falls within the range of reason." *Smith v. Wm. Wrigley Jr. Co.*, No. 09-60646CIVCOHNSELTZ, 2010 WL 2401149, at *2 (S.D. Fla. June 15, 2010). *See also Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 116 (2d Cir. 2005) ("A 'presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery.'") (quoting *Manual for Complex Litigation, Third*, § 30.42 (1995)).

Here, the proposed settlement was made after mediation was conducted. The negotiations appear to have been made in good faith and there do not appear to be any obvious deficiencies.

Moreover, recognizing that securities class actions are difficult to measure,[2] the settlement amount of $20,000,000 appears to be within the range of reasonableness.   The settlement is, therefore, preliminarily approved.

Accordingly, it is

**ORDERED AND ADJUDGED** as follows:

1.      **Preliminary Approval of the Settlement**: The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, as being fair, reasonable, and adequate to the Settlement Class, subject to further consideration at the Settlement Fairness Hearing to be conducted as described below.

2.      **Settlement Fairness Hearing**: The Court will hold a settlement fairness hearing (the "Settlement Fairness Hearing") on February 6, 2016 at 10:00 a.m. in Courtroom 7 of the Paul G. Rogers Federal Building and U.S. Courthouse, 701 Clematis Street, West Palm Beach, FL 33401, for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class, and should be approved by the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (c) to determine whether the proposed Plan of Allocation for the net proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with

---

[2] "In determining where in the range of possible recovery a fair and adequate amount would lie, 'the court realizes two important maxims: (1) proof of damages in a securities fraud case is always difficult and requires expert testimony, and (2) the fact that a proposed settlement amounts to only a fraction of the potential recovery does not mean the settlement is unfair or inadequate." *In re Sunbeam Sec. Litig.*, 176 F. Supp. 2d 1323, 1331-32 (S.D. Fla. 2001) (internal quotations omitted).

the Settlement.   Notice of the Settlement and the Settlement Fairness Hearing shall be given to Settlement Class Members as set forth in ¶ 7 of this Order.

3.       The Court may adjourn the Settlement Fairness Hearing without further notice to the Settlement Class, and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Settlement Class.

4.       **Conditional Certification of the Settlement Class for Purposes of Settlement**: Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of the Settlement only, this Court conditionally certifies a class (the "Settlement Class") defined as all persons and entities who or which purchased or otherwise acquired the common stock of Bankrate during the period from October 27, 2011 through October 9, 2014, inclusive (the "Settlement Class Period"), including in the March 2014 Secondary Offering of Bankrate common stock. Excluded from the Settlement Class are Defendants and Former Defendants; members of the Immediate Family of any Defendant or Former Defendant; any firm, trust, corporation, or other entity in which any Defendant or Former Defendant has or had a controlling interest, and any legal representatives, heirs, successors-in-interest, or assigns of any such excluded person.  Notwithstanding the foregoing exclusions, Investment Vehicles shall not be excluded from the Settlement Class. Also excluded from the Settlement Class are any persons and entities who or which exclude themselves from the Settlement Class by submitting a request for exclusion that is accepted by the Court.

5.       With respect to the Settlement Class, the Court finds and concludes that, for purposes of the Settlement only, the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3) are satisfied as:  (a) the members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the Action is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Lead Plaintiff are typical of the claims of the Settlement Class; (d) the interests of all Settlement Class Members are adequately represented by Lead Plaintiff and

Lead Counsel; (e) the issues common to Settlement Class Members predominate over any individualized issues; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

6.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Lead Plaintiff is certified as the Class Representative and Lead Counsel is appointed as Class Counsel.

7.      **Retention of Claims Administrator and Manner of Giving Notice**: Lead Counsel is hereby authorized to retain JND Legal Administration (the "Claims Administrator") to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as more fully set forth below. Notice of the Settlement and the Settlement Fairness Hearing shall be given by Lead Counsel as follows:

(a)      within twenty-one (21) days following the Parties' execution of the Stipulation, Bankrate shall provide or cause to be provided to the Claims Administrator (at no cost to the Settlement Fund, Lead Plaintiff, Lead Counsel, or the Claims Administrator) its security holder lists (consisting of names and addresses) for Bankrate common stock during the Settlement Class Period, in electronic form;

(b)      not later than twenty (20) business days after the date of entry of this Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and the Claim Form, substantially in the forms attached hereto as Exhibits A-1 and A-2, respectively (the "Notice Packet"), to be mailed by first-class mail to potential Settlement Class Members at the addresses set forth in the records provided by or caused to be provided by Bankrate, or who otherwise may be identified through further reasonable effort;

(c)      contemporaneously with the mailing of the Notice Packet, the Claims Administrator shall cause copies of the Notice and Claim Form to be posted on a website to be

12

developed for the Settlement (www.BankrateSettlement.com), from which copies of the Notice and Claim Form can be downloaded;

      (d)    not later than ten (10) business days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit A-3, to be published once in *Investor's Business Daily* and to be transmitted once over the *PR Newswire*; and

      (e)    not later than seven (7) calendar days prior to the Settlement Fairness Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

      8.    **Approval of Form and Content of Notice**: The Court (a) approves, as to form and content, the Notice, the Claim Form, and the Summary Notice annexed hereto as Exhibits A-1, A-2 and A-3, respectively, and (b) finds that the mailing and distribution of the Notice and Claim Form and publishing of the Summary Notice substantially in the manner set forth in ¶ 7 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the following: the pendency of the Action, their right to exclude themselves from the Settlement Class, the effect of the proposed Settlement (including the releases to be provided thereunder), Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, their right to object to the Settlement, the Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses, and their right to appear at the Settlement Fairness Hearing; (iii) constitutes due, adequate and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Federal Rule of Civil Procedure 23, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §78u-4(a)(7), 15 U.S.C. §77z-1(a)(7), and all other applicable law and rules. The date and

time of the Settlement Fairness Hearing shall be included in the Notice and Summary Notice before they are mailed and published, respectively.

9.     **Nominee Procedures**: Brokers and other nominees who purchased or otherwise acquired the common stock of Bankrate during the Settlement Class Period for the benefit of another person or entity shall: (a) within fourteen (14) calendar days of receipt of the Notice, request from the Claims Administrator sufficient copies of the Notice Packet to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (b) within fourteen (14) calendar days of receipt of the Notice, send a list of the names and addresses of all such beneficial owners to the Claims Administrator in which event the Claims Administrator shall promptly mail the Notice Packet to such beneficial owners.   Upon full compliance with this Order, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.    Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

10.     **Participation in the Settlement**: Settlement Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein.   Unless the Court orders otherwise, all Claim Forms must be postmarked no later than one hundred twenty (120) calendar days after the Notice Date.   Notwithstanding the foregoing, Lead Counsel may, at its discretion, accept for processing late Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Settlement Class.   Payment of late Claims may only be allowed by

Order of the Court. By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim and the subject matter of the Settlement.

11.      Each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (c) if the person or entity executing the Claim Form is acting in a representative capacity, a certification of his, her, or its current authority to act on behalf of the Settlement Class Member must be included in the Claim Form to the satisfaction of Lead Counsel or the Claims Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

12.      Any Settlement Class Member that does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her, or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the Action relating thereto, including, without limitation, the Judgment or Alternate Judgment, if applicable, and the releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Claims Released By Plaintiffs against each and all of the Defendant Related Parties, as more fully described in the Stipulation and Notice.

Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in ¶ 10 above.

13.     **Exclusion From the Settlement Class**: Any member of the Settlement Class who wishes to exclude himself, herself, or itself from the Settlement Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that: (a) any such request for exclusion from the Settlement Class must be mailed or delivered such that it is received no later than twenty-one (21) calendar days prior to the Settlement Fairness Hearing, to: *The City of Los Angeles, et al. v. Bankrate, Inc., et al.*, EXCLUSIONS, c/o JND Legal Administration, P.O. Box 6878, Broomfield, CO  80021, and (b) each request for exclusion must (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Settlement Class in *The City of Los Angeles, et al. v. Bankrate, Inc., et al.*, Case No. 9:14-cv-81323-DMM"; (iii) state the number of shares of Bankrate common stock that the person or entity requesting exclusion purchased, acquired and/or sold during the Settlement Class Period, as well as the dates and prices of each such purchase, acquisition, and sale; and (iv) be signed by the person or entity requesting exclusion or an authorized representative.  A request for exclusion shall not be effective unless it provides all of the required information and is received within the time stated above, or is otherwise accepted by the Court.

14.     Any person or entity who or which timely and validly requests exclusion from the Settlement Class in compliance with the terms stated in this Order and is excluded from the Settlement Class shall not be a Settlement Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Action, and shall not receive any payment out of the Net Settlement Fund.

15.     Any Settlement Class Member who or which does not timely and validly request exclusion from the Settlement Class in the manner stated in this Order: (a) shall be deemed to have

waived his, her, or its right to be excluded from the Settlement Class; (b) shall be forever barred from requesting exclusion from the Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and Settlement and all proceedings, determinations, orders, and judgments in the Action, including, but not limited to, the Judgment or Alternate Judgment, if applicable, and the releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Claims Released By Plaintiffs against any of the Defendant Related Parties, as more fully described in the Stipulation and Notice.

16.    **Appearance and Objections at Settlement Fairness Hearing**: Any Settlement Class Member who does not request exclusion from the Settlement Class may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its choice, by filing with the Clerk of Court and delivering a notice of appearance to both Lead Counsel and Defendants' Counsel, at the addresses set forth below, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Fairness Hearing, or as the Court may otherwise direct.  Any Settlement Class Member who does not enter an appearance will be represented by Lead Counsel. Any Settlement Class Member who does not request exclusion from the Settlement Class may file a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and appear and show cause, if he, she, or it has any cause, why the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses should not be approved; *provided, however*, that no Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses unless that person or entity has filed a written objection with the Court and served copies of such objection on

Lead Counsel and Defendants' Counsel at the addresses set forth below such that they are received no later than twenty-one (21) calendar days prior to the Settlement Fairness Hearing.

<table>
<tr><td align="center"><b><u>Lead Counsel</u></b></td><td align="center"><b><u>Bankrate Defendants' Counsel</u></b></td></tr>
<tr><td align="center">KESSLER TOPAZ MELTZER<br>& CHECK, LLP<br>Andrew L., Zivitz, Esq.<br>Johnston de F. Whitman, Jr., Esq.<br>280 King of Prussia Road<br>Radnor, Pennsylvania 19087</td><td align="center">WACHTELL, LIPTON, ROSEN<br>& KATZ<br>Warren R. Stern, Esq.<br>George T. Conway III, Esq.<br>51 West 52nd Street<br>New York, New York 10019</td></tr>
<tr><td align="center"><b><u>Underwriter Defendants' Counsel</u></b></td><td align="center">STEARNS WEAVER MILLER WEISSLER<br>ALHADEFF & SITTERSON, P.A.<br>Grace L. Mead, Esq.<br>Jenea E. Reed, Esq.<br>Museum Tower, Suite 2200<br>150 West Flagler Street<br>Miami, Florida 33130</td></tr>
<tr><td align="center">CLEARY GOTTLIEB STEEN &<br>HAMILTON LLP<br>Meredith E. Kotler, Esq.<br>One Liberty Plaza<br>New York, New York 10006</td><td></td></tr>
<tr><td align="center">HOLLAND & KNIGHT LLP<br>Tracy A. Nichols, Esq.<br>701 Brickell Avenue<br>Miami, Florida 33131</td><td align="center"><b><u>Mr. DiMaria's Counsel</u></b><br><br>KRAMER LEVIN NAFTALIS<br>& FRANKEL LLP<br>Kerri Ann Law, Esq.<br>1177 Avenue of the Americas<br>New York, New York 10036</td></tr>
</table>

17.    Any objections, filings, and other submissions by the objecting Settlement Class Member: (a) must state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the Settlement Class, including the number of shares of Bankrate common stock that the objecting Settlement Class Member purchased, acquired, and/or sold during the Settlement Class Period, as well as the dates and prices of each such purchase, acquisition,

and sale.  Objectors who enter an appearance and desire to present evidence at the Settlement Fairness Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

18.    Any Settlement Class Member who or which does not make his, her, or its objection in the manner provided herein shall be deemed to have waived his, her, or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

19.    **Stay and Temporary Injunction**: Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation.  Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Lead Plaintiff and all members of the Settlement Class from commencing or prosecuting any and all of the Claims Released By Plaintiffs against each and all of the Defendant Related Parties.

20.    **Settlement Administration Fees and Expenses**: All reasonable costs incurred in identifying Settlement Class Members and notifying them of the Settlement as well as in administering the Settlement shall be paid as set forth in the Stipulation without further order of the Court.

21.    **Settlement Fund**: The contents of the Settlement Fund held by The Huntington National Bank (which the Court approves as the Escrow Agent), shall be deemed and considered to be

*in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

22.     **Taxes**: Lead Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

23.     **Termination of Settlement**: If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Lead Plaintiff, the Settlement Class Members and Defendants, and the Parties shall revert to their respective positions in the Action on the day prior to the first date on which a Party executed the Stipulation, as provided in the Stipulation.

24.     **Use of this Order**: Neither this Order, the Memorandum of Understanding, the Stipulation (whether or not the Settlement is consummated), including the exhibits thereto, the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), and/or the Supplemental Agreement, nor the negotiations leading to the execution of the Memorandum of Understanding, the Stipulation and/or the Supplemental Agreement, nor any proceedings taken pursuant to or in connection with the Memorandum of Understanding, the Stipulation, the Supplemental Agreement and/or approval of the Settlement (including any arguments proffered in connection therewith): (a) shall be offered against any of the Defendant Related Parties as evidence of, or construed as, or deemed to be evidence of, any presumption, concession, or admission by any of the Defendant Related Parties with respect to the truth of any fact alleged by Lead Plaintiff or the validity

of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any of the Defendant Related Parties, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendant Related Parties or in any way referred to for any other reason as against any of the Defendant Related Parties, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (b) shall be offered against any of the Plaintiff Related Parties, as evidence of, or construed as, or deemed to be evidence of, any presumption, concession, or admission by any of the Plaintiff Related Parties that any of their claims are without merit, that any of the Defendant Related Parties had meritorious defenses, or that damages recoverable under the Complaints would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiff Related Parties, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or (c) shall be construed against any of the Defendant Related Parties or the Plaintiff Related Parties as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; provided, however, that if the Stipulation is approved by the Court, the Parties, the Defendant Related Parties, the Plaintiff Related Parties and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement; and provided further that nothing herein shall limit the materials or evidence that may be offered or referred to by Defendant Related Parties in disputes, actions, or proceedings arising between Defendant Related Parties.

25.   **Supporting Papers**: Lead Counsel shall file and serve the opening papers in support of the proposed Settlement, the Plan of Allocation, and Lead Counsel's motion for an award of attorneys'

fees and reimbursement of Litigation Expenses no later than thirty-five (35) calendar days prior to the Settlement Fairness Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Fairness Hearing.

26. **Retention of Jurisdiction**: The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

**DONE AND ORDERED** in Chambers in West Palm Beach, Florida, this 24 day of August, 2016.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record

Exhibit A-1

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### CASE NO. 9:14-cv-81323-DMM

THE CITY OF LOS ANGELES, ACTING THROUGH ITS FIRE AND
POLICE PENSION SYSTEM, ACTING BY ORDER OF AND THROUGH
ITS BOARD OF FIRE AND POLICE PENSION COMMISSIONERS,
Individually and on Behalf of All Others Similarly
Situated,

*Plaintiffs*,

v.

BANKRATE, INC., EDWARD J. DIMARIA, KENNETH S. ESTEROW,
GOLDMAN, SACHS & CO., MERRILL LYNCH, PIERCE, FENNER &
SMITH INCORPORATED, RBC CAPITAL MARKETS, LLC, AND
STEPHENS, INC.,

*Defendants*.

## NOTICE OF PENDENCY OF CLASS ACTION, CERTIFICATION OF SETTLEMENT CLASS, PROPOSED SETTLEMENT, AND SETTLEMENT FAIRNESS HEARING

**TO:   All persons and entities who or which purchased or otherwise acquired the common stock of Bankrate, Inc. ("Bankrate") during the period from October 27, 2011 through October 9, 2014, inclusive (the "Settlement Class Period"), including in the March 2014 Secondary Offering of Bankrate common stock.**

*A Federal Court authorized this Notice.  This is not a solicitation from a lawyer.*

- This Notice has been sent to you pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of Florida (the "Court").  The purpose of this Notice is to inform you of: (a) the pendency of the above-captioned securities class action (the "Action"); (b) the Court's conditional certification of the Settlement Class (defined below in ¶14) for purposes of settlement; (c) the proposed settlement of the Action (the "Settlement") on the terms and provisions contained in the Stipulation and Agreement of Settlement, dated July 18, 2016 (the "Stipulation");[1] and (d) the hearing to be held by the Court (the "Settlement Fairness Hearing").  At the Settlement Fairness Hearing, the Court will consider: (i) whether the Settlement should be approved; (ii) whether the proposed plan for allocating the proceeds of the Settlement to eligible members of the Settlement Class, as set forth in Appendix A hereto (the "Plan of Allocation"), should

---

[1]   The Stipulation can be viewed at www.BankrateSettlement.com.  Any capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation.

be approved; (iii) Lead Counsel's application for attorneys' fees and Litigation Expenses; and (iv) certain other matters.

- If approved by the Court, the Settlement will create a $20 million cash fund for the benefit of eligible Settlement Class Members, less any attorneys' fees and expenses awarded by the Court, Notice and Administration Expenses, and Taxes.

- The Settlement resolves claims by Court-appointed Lead Plaintiff that have been asserted on behalf of the Settlement Class against the Defendants.[2] Lead Plaintiff alleged, among other things, that Defendants violated the federal securities laws by making materially false and misleading statements and failing to disclose certain material facts about Bankrate's financial results during the Settlement Class Period. A more detailed description of the claims asserted in the Action, as well as the history of the Action, is set forth in ¶¶5-13 below.

**IF YOU ARE A SETTLEMENT CLASS MEMBER, PLEASE READ THIS NOTICE CAREFULLY. This Notice explains important rights you may have, including the possible receipt of cash from the Settlement. If you are a member of the Settlement Class, your legal rights will be affected whether or not you act.**

| A SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM POSTMARKED NO LATER THAN _____, 2016.** | This is the only way to be eligible to receive a payment from the Settlement Fund. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS RECEIVED NO LATER THAN _____, 2016.** | If you exclude yourself from the Settlement Class, you will not be eligible to receive any payment from the Settlement Fund. This is the only option that allows you ever to be part of any *other* lawsuit against any of the Defendants or the other Defendant Related Parties concerning the Claims Released By Plaintiffs. *See* ¶¶32-35 below for details. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS RECEIVED NO LATER THAN _____, 2016.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of Litigation Expenses, you may write to the Court and explain why you do not like them. You can only object to the Settlement, the Plan of Allocation or the fee and expense request if you are a Settlement Class Member and you do not exclude yourself from the Settlement Class. *See* ¶¶38-40 below for details. |

[2] Defendants are Bankrate, Edward J. DiMaria, Kenneth S. Esterow, Goldman, Sachs & Co., Merrill Lynch, Pierce, Fenner & Smith Incorporated, RBC Capital Markets, LLC, and Stephens, Inc.

| **FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2016, AND GO TO THE SETTLEMENT FAIRNESS HEARING ON _____, 2016.** | Filing a written objection and notice of intention to appear by _____, 2016 allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and reimbursement of Litigation Expenses. If you submit a written objection, you may (but you do not have to) attend the hearing and, at the discretion of the Court, speak to the Court about your objection. |
| --- | --- |
| **DO NOTHING.** | You will not be eligible to receive a payment from the Settlement Fund. You will, however, remain a member of the Settlement Class, which means that you give up your right to sue any of the Defendants about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

- These rights and options–and the deadlines to exercise them–are explained in this Notice.

- The Court in charge of this case still has to decide whether to approve the Settlement. If the Court approves the Settlement and a plan of allocation, then payments to eligible Settlement Class Members will be made after any appeals are resolved and after the completion of all claims processing. Please be patient, as this process takes time to complete.

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact the Court, the Judge, Bankrate, any other Defendant in the Action, or their counsel. All questions should be directed to either Lead Counsel or the Claims Administrator (*see* ¶46 below).**

## SUMMARY OF THE NOTICE

- **Statement of the Settlement Class's Recovery:** Subject to Court approval, Lead Plaintiff, on behalf of itself and the Settlement Class, has agreed to settle the Action in exchange for $20,000,000 in cash (the "Settlement Amount"), which has been deposited into an interest-bearing escrow account. The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less (i) any Taxes, (ii) any Notice and Administration Costs, (iii) any Litigation Expenses awarded by the Court, and (iv) any attorneys' fees awarded by the Court) will be distributed to Settlement Class Members according to a Court-approved plan of allocation. The proposed Plan of Allocation is set forth in Appendix A hereto.

- **Estimate of Average Amount of Recovery Per Share:** Lead Plaintiff's damages consultant estimates that 69,425,264 shares of Bankrate common stock purchased during the Settlement Class Period may have been affected by the conduct at issue in the Action, and assuming that all Settlement Class Members elect to participate in the Settlement, the estimated average recovery (before deducting any Court-approved fees, expenses and costs as described herein) is $0.29 per affected share of Bankrate common stock. **Settlement Class Members should note, however, that the foregoing average recovery per share is only an estimate,**

3

**and Settlement Class Members may recover more or less than this estimated amount.** A Settlement Class Member's actual recovery will depend on, among other factors, when and at what prices they purchased/acquired or sold their shares of Bankrate common stock, and the total number of valid Claim Forms submitted.  Distributions to Settlement Class Members will be made based on the Plan of Allocation set forth in Appendix A hereto or such other plan of allocation as may be ordered by the Court.

- **Statement of Potential Outcome of Case:**  The Parties disagree about both liability and damages and do not agree on the damages that would be recoverable if Lead Plaintiff was to prevail on each claim asserted against Defendants in the Action.  Defendants do not agree with the assertion that they violated the federal securities laws or that damages were suffered by any member of the Settlement Class as a result of their conduct.

- **Attorneys' Fees and Expenses Sought:**  Kessler Topaz Meltzer & Check, LLP ("Lead Counsel") has prosecuted this Action on a wholly contingent basis since its inception.  Lead Counsel has not received any payment of attorneys' fees for its representation of the Settlement Class and has advanced the funds to pay expenses necessarily incurred to prosecute this Action. Lead Counsel, on behalf of Plaintiffs' Counsel will apply to the Court for an award of attorneys' fees in an amount not to exceed 10% of the Settlement Fund.  In addition, Lead Counsel will apply for reimbursement of expenses paid or incurred in connection with the institution, prosecution and resolution of the claims against Defendants, in an amount not to exceed $250,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiff directly related to its representation of the Settlement Class. Settlement Class Members are not personally liable for any such fees or expenses.  Any Court-awarded fees and expenses will be paid from the Settlement Fund.  If the Court approves Lead Counsel's fee and expense application, the estimated average cost per affected share of Bankrate common stock will be $0.03.

- **Identification of Attorney Representatives and Further Information:**  Lead Plaintiff and the Settlement Class are represented by Andrew L. Zivitz, Esq. and Johnston de F. Whitman, Jr., Esq. of Kessler Topaz Meltzer & Check, LLP, 280 King of Prussia Road, Radnor, PA 19087, (610) 667-7706, info@ktmc.com.  Further information regarding the Action, the Settlement, and this Notice may be obtained by contacting Lead Counsel, or the Court-appointed Claims Administrator at *The City of Los Angeles, et al. v. Bankrate, Inc., et al.*, c/o JND Legal Administration, P.O. Box 6878, Broomfield, CO 80021, (844) 360-2773, info@BankrateSettlement.com.

- **Reasons for the Settlement:**  Lead Plaintiff's principal reason for entering into the Settlement is the guaranteed cash benefit to the Settlement Class.  This benefit must be viewed in light of the uncertainty of being able to prove the allegations asserted in the Second Amended Class Action Complaint; the risk that the Court may grant Defendants' pending motion to dismiss that complaint; the uncertainty in the Parties' competing theories of liability and damages; and the risks and delays inherent in continued litigation.  The cash benefit to the Settlement Class also must be considered against the significant risk that a smaller recovery – or indeed no recovery at all – might be achieved after contested motions, a trial of the Action, and likely appeals that would follow a trial, a process that could be expected to last several years. Defendants, who deny all allegations of wrongdoing or liability whatsoever, are entering into the Settlement solely to eliminate the uncertainty, burden, and expense of further litigation.

4

## WHAT THIS NOTICE CONTAINS

Why Did I Get This Notice?                                                    Page __
What Is This Case About?                                                      Page __
How Do I Know If I Am Affected By This Action?
   Who Is Included In The Settlement Class?                    Page __
What Are Lead Plaintiff's Reasons For The Settlement?                        Page __
What Might Happen If There Were No Settlement?                               Page __
How Are Settlement Class Members Affected By The Action?
   What Claims Will Be Released By The Settlement?             Page __
How Do I Participate In The Settlement?  What Do I Need To Do?               Page __
How Much Will My Payment Be?  What Is The Proposed Plan of Allocation?       Page __
What Payment Are The Attorneys For The Settlement Class Seeking?
   How Will The Lawyers Be Paid?                              Page __
What If I Do Not Want To Be A Member Of The Settlement Class?
   How Do I Exclude Myself?                                   Page __
When And Where Will The Court Decide Whether To Approve The Settlement?
   Do I Have To Come To The Hearing?  May I Speak At The Hearing
   If I Don't Like The Settlement?                            Page __
What If I Bought Shares On Behalf Of Someone Else?                           Page __
Can I See The Court File?  Whom Should I Contact If I
   Have Questions Or Would Like Additional Information?       Page __
Proposed Plan of Allocation of Net Settlement Fund                          Appendix 1

## WHY DID I GET THIS NOTICE?

1.    This Notice is being sent to you pursuant to an Order of the Court because you or someone in your family or an investment account for which you serve as a custodian may have purchased or otherwise acquired Bankrate common stock during the Settlement Class Period. **Please Note: Receipt of this Notice does not mean you are a Settlement Class Member or that you will be entitled to receive a payment from the Settlement. As described below in ¶28, if you are a Settlement Class Member and wish to be eligible for a payment, you are required to submit the Claim Form that is being distributed with this Notice and supporting documents, as explained in the Claim Form.** *See* ¶28 below.

2.    This Notice explains the lawsuit, the terms of the proposed Settlement, and your legal rights and options in connection with the Settlement before the Court decides whether to approve the Settlement. This Notice is also being sent to inform you of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the Plan of Allocation and Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses. *See* ¶36 below for details about the Settlement Fairness Hearing, including the date and location of the hearing.

3.    The Court in charge of this Action is the United States District Court for the Southern District of Florida, and the case is known as *The City of Los Angeles, et al. v. Bankrate, Inc., et*

*al.*, Case No. 9:14-cv-81323 (DMM). The Action is assigned to the Honorable Donald M. Middlebrooks, United District Court Judge. The party representing the Settlement Class is the Court-appointed Lead Plaintiff, the City of Los Angeles, Acting through its Fire and Police Pension System, Acting by order of and through its Board of Fire and Police Pension Commissioners, and the individuals and entities it sued are the Defendants – Bankrate, Edward J. DiMaria, Kenneth S. Esterow, Goldman, Sachs & Co., Merrill Lynch, Pierce, Fenner & Smith Incorporated, RBC Capital Markets, LLC, and Stephens, Inc.

4.    The issuance of this Notice is not an expression of opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement.

---

## WHAT IS THIS CASE ABOUT?

---

5.    Bankrate is an online publisher of financial information. Through its various websites, Bankrate provides consumers with personal finance information across various categories, including, among others, mortgages, deposits, insurance, and credit cards. Lead Plaintiff alleged that, during the Settlement Class Period, Defendants, in violation of the federal securities laws, made materially false and misleading statements and failed to disclose certain material facts about accounting issues. Lead Plaintiff further alleged that these statements and omissions caused the price of Bankrate common stock to be artificially inflated, that the price declined when, among other things, investigations by the federal government and Bankrate's Audit Committee were disclosed publicly, and that the price decline reflected a harm to prior purchasers of Bankrate common stock.

6.    On October 28, 2014, an initial complaint was filed in the United States District Court for the Southern District of Florida asserting violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") against certain of the Defendants.

7.    By Order dated January 15, 2015, the Court appointed the City of Los Angeles as Lead Plaintiff for the class, and approved Lead Plaintiff's selection of Kessler Topaz Meltzer & Check, LLP as Lead Counsel and Saxena White P.A. as Liaison Counsel for the class.

8.    On February 23, 2015, Lead Plaintiff filed its Amended Class Action Complaint asserting claims under Sections 10(b) and 20(a) of the Exchange Act, as well as claims under Sections 11, 12(a)(2) and 15 of the Securities Act of 1933 in connection with the Company's March 2014 secondary offering of 16,100,000 shares of Bankrate common stock sold pursuant to the Company's February 27, 2014 Registration Statement, the preliminary prospectus supplement on Form 424B7 filed with the United States Securities and Exchange Commission ("SEC") on February 27, 2014 and the prospectus supplemental on Form 424B7 dated March 4, 2014 and filed with the SEC on March 6, 2014.

9.    In March 2015, Defendants filed motions to dismiss the Amended Class Action Complaint. Following full briefing on these motions, the Court, on November 23, 2015, issued a memorandum opinion granting Defendants' motions to dismiss in whole and granting Lead Plaintiff leave to replead.

10.    On December 8, 2015, Lead Plaintiff filed the operative complaint, the Second Amended Class Action Complaint.   Thereafter, on January 8, 2016, Defendants moved to dismiss this complaint.

11.    While Defendants' motion to dismiss was pending, Lead Counsel and Bankrate Defendants' Counsel agreed to engage Mr. Jed D. Melnick, Esq., an experienced neutral mediator with an extensive background in mediating securities class actions, to assist them in exploring a potential negotiated resolution of the claims in the Action.   On April 26, 2016, Lead Counsel and Bankrate Defendants' Counsel participated in a full-day mediation with Mr. Melnick.   In advance of the mediation, Lead Counsel and Bankrate Defendants' Counsel exchanged, and submitted to the mediator, detailed, confidential mediation statements. Following the mediation and additional communications, Lead Counsel and Bankrate Defendants' Counsel reached an agreement-in-principle to settle the Action for $20 million based on a mediator's proposal by Mr. Melnick.   A memorandum of understanding setting forth material points of their agreement was executed on May 16, 2016.

12.    Lead Counsel and Bankrate Defendants' Counsel's agreement-in-principle to settle the Action was conditioned on due-diligence confirmatory discovery to be produced by Bankrate, including documents and information regarding the allegations and claims asserted in the Second Amended Class Action Complaint, in order to confirm the fairness, reasonableness, and adequacy of the Settlement.   To that end, Lead Counsel spent several weeks reviewing the more than 307,000 pages of documents and testimony provided by Bankrate.   During the same time, the Parties negotiated and documented the specific terms and conditions of the Settlement, which are embodied in the Stipulation entered into by the Parties on July 18, 2016.   The Stipulation can be viewed at www.BankrateSettlement.com.

13.    On _____, 2016, the Court entered the Preliminary Approval Order, authorizing that this Notice be sent to potential Settlement Class Members and scheduling the Settlement Fairness Hearing to consider whether to grant final approval of the Settlement, among other things.

---

## HOW DO I KNOW IF I AM AFFECTED BY THIS ACTION?
## WHO IS INCLUDED IN THE SETTLEMENT CLASS?

---

14.    If you are a member of the Settlement Class, you will be bound by all orders and judgments in the Action, unless you timely request to be excluded.   The Settlement Class consists of:

> all persons and entities who or which purchased or otherwise acquired the common stock of Bankrate during the period from October 27, 2011 through October 9, 2014, inclusive, including in the March 2014 Secondary Offering of Bankrate common stock.

Excluded from the Settlement Class are Defendants and Former Defendants; members of the Immediate Family of any Defendant or Former Defendant; any firm, trust, corporation, or other entity in which any Defendant or Former Defendant has or had a controlling interest, and any legal representatives, heirs, successors-in-interest, or assigns of any such excluded person.

Notwithstanding the foregoing exclusions, Investment Vehicles[3] shall not be excluded from the Settlement Class. Also excluded from the Settlement Class are any persons and entities who or which exclude themselves from the Settlement Class by submitting a request for exclusion that is accepted by the Court. *See* ¶¶32-35 below.

**PLEASE NOTE: RECEIPT OF THIS NOTICE DOES NOT MEAN THAT YOU ARE A SETTLEMENT CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT. IF YOU ARE A SETTLEMENT CLASS MEMBER AND YOU WISH TO BE ELIGIBLE TO PARTICIPATE IN THE DISTRIBUTION OF PROCEEDS FROM THE SETTLEMENT, YOU ARE REQUIRED TO SUBMIT THE CLAIM FORM THAT IS BEING DISTRIBUTED WITH THIS NOTICE AND THE REQUIRED SUPPORTING DOCUMENTATION AS SET FORTH THEREIN POSTMARKED NO LATER THAN _____ , 2016.**

---

### WHAT ARE LEAD PLAINTIFF'S REASONS FOR THE SETTLEMENT?

---

15.   Lead Plaintiff and Lead Counsel believe that the claims asserted against Defendants have merit. However, Lead Plaintiff and Lead Counsel also recognize that continued litigation presents substantial risks that may result in a recovery of far less than the $20 million Settlement, or no recovery at all, and that any such recovery could be many years in the future. Here, the Court had already granted Defendants' motions to dismiss the Amended Class Action Complaint, and at the time the Settlement was reached, the Court was considering Defendants' motion to dismiss the Second Amended Class Action Complaint. Lead Plaintiff recognizes that Defendants had significant arguments that their alleged misstatements were not materially misleading and that, even if they made materially misleading statements, they did not do so intentionally or recklessly. Lead Plaintiff also faced challenges with respect to establishing loss causation and class-wide damages. Specifically, Defendants had substantial arguments that the decline in Bankrate's stock price during the Settlement Class Period resulted from factors unrelated to the correction of the alleged misstatements. Had the Court accepted any of these arguments in whole or part, Lead Plaintiff's ability to obtain a recovery for the Settlement Class could have been reduced or eliminated. Further, if Lead Plaintiff survived Defendants' motion to dismiss, it still would have had to prevail at several stages – summary judgment, trial, and even if it prevailed at those stages, on the appeals that were likely to follow. Thus, there were very significant risks in continuing to prosecute the Action, and there was no guarantee that further litigation would have resulted in a higher recovery, or any recovery at all.

---

[3] The term "Investment Vehicle" means any investment company or pooled investment fund, including but not limited to mutual fund families, exchange-traded funds, funds of funds, private equity funds, real estate funds, and hedge funds, in which any Defendant or an affiliate of any Defendant has or may have a direct or indirect interest, or as to which any Defendant or an affiliate of any Defendant acted, acts or may act as an investment advisor, general partner, managing member, or other similar capacity. This definition of Investment Vehicle does not include any investment company or pooled investment fund, including but not limited to mutual fund families, exchange-traded funds, funds of funds, private equity funds, and hedge funds, in which any Defendant or any of its respective affiliates is directly or indirectly a majority owner or holds a majority beneficial interest.

16.   In light of these risks, Lead Plaintiff and Lead Counsel believe that the proposed $20 million cash Settlement is fair, reasonable, adequate, and in the best interests of the Settlement Class.

17.   Defendants have agreed to the Settlement solely to eliminate the uncertainty, burden, and expense of further protracted litigation.  Each of the Defendants denies any wrongdoing, and expressly denies that Lead Plaintiff has asserted any valid claims as to any of them or any of the other Defendant Related Parties.  Moreover, each Defendant expressly denies any and all allegations of fault, liability, wrongdoing, or damages whatsoever.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

18.   If there were no Settlement and Lead Plaintiff failed to establish any essential legal or factual element of its claims against Defendants, Lead Plaintiff and the Settlement Class would not recover anything from Defendants.  Also, if Defendants were successful in pursuing any of their defenses, either with their pending motion to dismiss, at summary judgment, at trial, or on appeal, the Settlement Class could recover substantially less than the amount provided in the Settlement, or nothing at all.

## HOW ARE SETTLEMENT CLASS MEMBERS AFFECTED BY THE ACTION? WHAT CLAIMS WILL BE RELEASED BY THE SETTLEMENT?

19.   As a Settlement Class Member, you are represented by Lead Plaintiff and Lead Counsel, unless you enter an appearance through counsel of your own choice, at your own expense.  You are not required to retain your own counsel.  Settlement Class Members may enter an appearance through an attorney if they so desire, but such counsel must file and serve a notice of appearance as provided in ¶¶41-42 below and will be retained at the individual Settlement Class Member's expense.

20.   If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you will be bound by any orders and judgments issued by the Court in the Action, regardless of whether you submit a Claim Form.

21.   If the Settlement is approved, the Court will enter a judgment (the "Judgment").  The Judgment will dismiss with prejudice the claims alleged in the Action against Defendants and will provide that, upon the Effective Date of the Settlement, without further action by anyone, Lead Plaintiff and each of the Settlement Class Members (whether or not such Person submits a Claim Form), on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, assigns, parents, subsidiaries, affiliates, officers, directors, agents, fiduciaries, beneficiaries or legal representatives, in their capacities as such, and any other person or entity who or that was, is, or would be legally entitled to bring Claims Released By Plaintiffs on behalf of a Settlement Class Member, in that capacity, shall be deemed to have, and by operation of law and of the judgment, shall have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed each and every Claim Released By Plaintiffs (as defined in ¶22 below) (including, without limitation, any Unknown Claims (as defined in ¶24 below)) against the Defendants and the other Defendant Related Parties (as defined in ¶23 below), and shall forever be enjoined from prosecuting any or

9

all of the Claims Released By Plaintiffs against any of the Defendants Related Parties. This release shall not apply to any claims of any Person who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

22. "Claims Released By Plaintiffs" means any and all claims, whether class or individual, demands, rights, liabilities, losses, obligations, damages, suits, matters, debts, issues, and causes of action of every nature and description whatsoever, in law or equity, known or Unknown Claims, foreseeable or unforeseeable, whether class, individual, or otherwise, whether arising under federal, state, common, or foreign law, rule, or regulation, or otherwise, regardless of legal theory, by any Plaintiff or Class Member against the Defendants and each and all of the Defendant Related Parties that relate in any way, directly or indirectly, to the purchase, acquisition, sale, or holding of Bankrate common stock and (i) have been asserted in the Action; (ii) were alleged, recited, described, or referred to in the Action; or (iii) could have been asserted in the Action or could in the future be asserted in any court or forum that arise from, relate to, or are in connection with (a) Defendants' public statements or disclosures during the Settlement Class Period; (b) Bankrate's accounting practices during the Settlement Class Period; (c) Bankrate's Restatement announced on June 17, 2015; (d) any purchase, acquisition, sale or holding of Bankrate common stock during the Settlement Class Period; or (e) any of the acts, omissions, misrepresentations, facts, events, matters, transactions, or occurrences referred to in any of the complaints or other pleadings filed in the Action or otherwise alleged, asserted, or contended in the Action. Claims Released By Plaintiffs do not include either (i) any claims relating to the enforcement of the Settlement, or (ii) any claims of any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

23. "Defendant Related Parties" means (i) Defendants and Former Defendants and each and all of their current and former parents, subsidiaries, divisions, affiliates, and each and all of the respective current and former officers, directors, members, employees, principals, and general and limited partners of each of the foregoing; (ii) each and all of the insurers, co-insurers, re-insurers, attorneys, advisors, accountants, associates, auditors, controlling stockholders, predecessors, successors, estates, heirs, trusts, trustees, administrators, agents, representatives, and assigns of each of the persons and entities referenced in (i) of this subparagraph; and (iii) the Immediate Family members of Defendants and Former Defendants, in their capacities as such.

24. "Unknown Claims" means any Claims Released By Plaintiffs that Lead Plaintiff, any Plaintiff Related Party, or any other Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Claims Released By Defendants that any Defendant or any other Defendant Related Party does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her, or it, might have affected his, her, or its decision(s) with respect to this Settlement, including, without limitation, his, her, or its decision not to object to this Settlement, or not to exclude himself, herself, or itself from the Settlement Class. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiff and Defendants shall expressly waive, and each of the Settlement Class Members shall be deemed to have waived, and by operation of the Judgment, or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, including specifically California Civil Code §1542, which provides:

10

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Lead Plaintiff and Defendants acknowledge, and each of the other Settlement Class Members shall be deemed by operation of law to have acknowledged, that they are aware that they may hereafter discover facts in addition to, or different from, those facts which they know or believe to be true with respect to the subject matter of this Settlement, but that it is their intention to release and settle, and shall expressly release and settle, fully, finally, and forever any and all of the Released Claims which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, subject to the terms and conditions provided herein, and in furtherance of such intention, the Releases shall be and remain in effect notwithstanding the discovery or existence of any such additional or different facts, whether or not concealed or hidden. Lead Plaintiff and Defendants further acknowledge, and each of the other Settlement Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of the Settlement.

25. The Judgment will also provide that, upon the Effective Date of the Settlement, without further action by anyone, Defendants, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, assigns, parents, subsidiaries, affiliates, officers, directors, agents, fiduciaries, beneficiaries or legal representatives, in their capacities as such, and any other person or entity who or that was, is, or would be legally entitled to bring Claims Released By Defendants on behalf of any Defendant, in that capacity, shall be deemed to, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Claim Released By Defendants (as defined in ¶26 below) (including, without limitation, any Unknown Claims) against Lead Plaintiff and the other Plaintiff Related Parties (as defined in ¶27 below), and shall forever be enjoined from prosecuting any or all of the Claims Released By Defendants against Lead Plaintiff or any of the Plaintiff Related Parties. This release (i) shall not apply to any Person who or which submits a request for exclusion from the Settlement Class that is accepted by the Court, and (ii) does not release any claims of any nature of any Defendant against Defendants' insurers.

26. "Claims Released By Defendants" means any and all claims, whether class or individual, demands, rights, liabilities, losses, obligations, damages, suits, matters, debts, issues, and causes of action of every nature and description whatsoever, in law or equity, known or Unknown Claims, foreseeable or unforeseeable, whether class, individual, or otherwise, whether arising under federal, state, common, or foreign law, rule, or regulation, or otherwise, regardless of legal theory, that arise from or are related to the institution, prosecution, and settlement of this Action that could have been asserted by Defendants or any of the Defendant Related Parties in the Action or any forum. Claims Released By Defendants do not include any claims relating to the enforcement of the Settlement.

27. "Plaintiff Related Parties" means (i) Lead Plaintiff and any other Settlement Class Member and each and all of their current and former parents, subsidiaries, divisions, affiliates, and each and all of the respective current and former officers, directors, members, employees, principals, and general and limited partners of each of the foregoing; (ii) each and all of the insurers, co-insurers, re-insurers, attorneys, advisors, accountants, associates, auditors,

11

controlling stockholders, predecessors, successors, estates, heirs, trusts, trustees, administrators, agents, representatives, and assigns of each of the persons and entities referenced in (i) of this subparagraph; and (iii) the Immediate Family members of each Settlement Class Member, in their capacities as such.

## HOW DO I PARTICIPATE IN THE SETTLEMENT?  WHAT DO I NEED TO DO?

28.   To be potentially eligible for a payment from the proceeds of the Settlement, you must be a member of the Settlement Class and you must timely complete and return the Claim Form with adequate supporting documentation **postmarked no later than** _____, **2016**. A Claim Form is included with this Notice.   You may also obtain a Claim Form from the website maintained by the Claims Administrator for the Settlement, www.BankrateSettlement.com, or you may request that a Claim Form be mailed to you by calling the Claims Administrator toll free at 1-844-360-2773 or by sending an email to the Claims Administrator at info@BankrateSettlement.com.   Please retain all records of your ownership of and transactions in Bankrate common stock, as they may be needed to document your claim.   If you request exclusion from the Settlement Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

## HOW MUCH WILL MY PAYMENT BE?
## WHAT IS THE PROPOSED PLAN OF ALLOCATION?

29.   At this time, it is not possible to make a precise determination as to the amount of any payment that any individual Settlement Class Member may receive from the Settlement.   If you are a Settlement Class Member, your share of the Net Settlement Fund will depend on the number of valid Claim Forms that Settlement Class Members submit, and how many shares of Bankrate common stock you purchased, acquired, and sold during the Settlement Class Period, and when you purchased, acquired, and sold such shares.

30.   Appendix A to this Notice sets forth the Plan of Allocation for allocating the Net Settlement Fund among Authorized Claimants, as proposed by Lead Plaintiff and Lead Counsel. Defendants had no involvement in the proposed Plan of Allocation. The Court may modify the Plan of Allocation, or approve a different plan of allocation, without further notice to the Settlement Class.

## WHAT PAYMENT ARE THE ATTORNEYS FOR THE CLASS SEEKING?
## HOW WILL THE LAWYERS BE PAID?

31.   Lead Counsel has not received any payment for its services in pursuing claims against the Defendants on behalf of the Settlement Class, nor has Lead Counsel been reimbursed for its out-of-pocket expenses incurred in the prosecution of this Action.   Before final approval of the Settlement, Lead Counsel, on behalf of Plaintiffs' Counsel, will apply to the Court for an award of attorneys' fees in an amount not to exceed 10% of the Settlement Fund.   At the same time, Lead Counsel also intend to apply for reimbursement of expenses in an amount not to exceed $250,000, which may include an application for reimbursement of the reasonable costs and

expenses incurred by Lead Plaintiff directly related to its representation of the Settlement Class. The Court will determine the amount of any award of attorneys' fees or reimbursement of Litigation Expenses. Such sums as may be approved by the Court will be paid from the Settlement Fund. ***Settlement Class Members are not personally liable for any such fees or expenses.***

---

### WHAT IF I DO NOT WANT TO BE A MEMBER OF THE SETTLEMENT CLASS? HOW DO I EXCLUDE MYSELF?

---

32.   Each Settlement Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a written request for exclusion from the Settlement Class, addressed to *The City of Los Angeles, et al. v. Bankrate, Inc., et al.*, EXCLUSIONS, c/o JND Legal Administration, P.O. Box 6878, Broomfield, CO 80021. The exclusion request must be ***received no later than* _____, 2016**. You will not be able to exclude yourself from the Settlement Class after that date. Each request for exclusion must (a) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (b) state that such person or entity "requests exclusion from the Settlement Class in *The City of Los Angeles, et al. v. Bankrate, Inc., et al.*, Case No. 9:14-cv-81323-DMM"; (c) state the number of shares of Bankrate common stock that the person or entity requesting exclusion purchased/acquired and/or sold during the Settlement Class Period (*i.e.*, from October 27, 2011 through October 9, 2014, inclusive), as well as the dates and prices of each such purchase/acquisition and sale; and (d) be signed by the person or entity requesting exclusion or by an authorized representative. A request for exclusion shall not be valid and effective unless it provides all the information called for in this paragraph and is received within the time stated above, or is otherwise accepted by the Court. You cannot exclude yourself over the phone or by e-mail.

33.   If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Claim Released By Plaintiffs against any of the Defendant Related Parties. **Please Note: If you elect to exclude yourself from the Settlement Class, you should understand that Defendants and the Defendant Related Parties will have the right to assert any and all defenses they may have to any claims that you may seek to assert in the future. Although Defendants have decided to settle the Action in its entirety in order to eliminate the burden and expense of continued litigation, Defendants will retain and are not waiving in any way the right to assert that any subsequent claims asserted by any individual Settlement Class Member who excludes themselves from the Settlement Class are otherwise subject to dismissal, or otherwise lack merit. If you wish to exclude yourself from the Settlement Class to pursue your own litigation against the Defendants, you should consult with an attorney before doing so, including on issues relating to whether applicable statutes of limitations and repose may bar all or a portion of the claims that you may seek to pursue against the Defendants.**

34.   If you ask to be excluded from the Settlement Class, you will not be eligible to receive any payment out of the Net Settlement Fund.

35.   Pursuant to the terms of a separate supplemental agreement between the Parties, Bankrate shall have the right to withdraw from and terminate the Settlement so that it binds none of the Parties in the event that members of the Settlement Class, who purchased and/or acquired a certain amount of Bankrate common stock and would otherwise be entitled to participate in the Settlement Class, timely and validly request exclusion in accordance with the requirements set forth in this Notice.

---

**WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?  DO I HAVE TO COME TO THE HEARING? MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

---

36.   The Settlement Fairness Hearing will be held on _____, 2016 at __:__ _.m., before the Honorable Donald M. Middlebrooks at the United States District Court for the Southern District of Florida, Paul G. Rogers Federal Building and U.S. Courthouse, 701 Clematis Street, West Palm Beach, FL  33401.  The Court reserves the right to approve the Settlement, the Plan of Allocation, Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and/or any other matter related to the Settlement at or after the Settlement Fairness Hearing without further notice to the members of the Settlement Class.

37.   **Settlement Class Members do not need to attend the Settlement Fairness Hearing. The Court will consider any submission made in accordance with the provisions of this Notice even if a Settlement Class Member does not attend the hearing.  Participation in the Settlement is not conditioned on attendance at the Settlement Fairness Hearing.**

38.   Any Settlement Class Member who or which does not request exclusion from the Settlement Class may object to the Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses. Objections must be in writing.  You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the Southern District of Florida at the address set forth below **on or before** _____, 2016.   You must also serve the papers on Lead Counsel and Defendants' Counsel at the addresses set forth below so that the papers are *received* on or before _____, 2016.

| **Clerk's Office** | **Lead Counsel** | **Bankrate Defendants' Counsel** |
|---|---|---|
| United States District Court Southern District of Florida Clerk of the Court Paul G. Rogers Federal Building and U.S. Courthouse 701 Clematis Street Room 202 West Palm Beach, FL 33401 | Kessler Topaz Meltzer & Check, LLP Andrew L. Zivitz Johnston de F. Whitman, Jr. 280 King of Prussia Road Radnor, PA 19087 | Wachtell, Lipton, Rosen & Katz Warren R. Stern George T. Conway III 51 West 52nd Street New York, NY  10019 |

14

|  |  | Stearns Weaver Miller<br>Weissler Alhadeff<br> & Sitterson, P.A.<br>Grace L. Mead<br>Jenea M. Reed<br>Museum Tower, Suite 2200<br>150 West Flagler Street<br>Miami, FL 33130<br><br>**Underwriter Defendants'<br>Counsel**<br><br>Cleary Gottlieb Steen &<br> Hamilton LLP<br>Meredith E. Kotler<br>One Liberty Plaza<br>New York, NY 10006<br><br>Holland & Knight LLP<br>Tracy A. Nichols<br>701 Brickell Avenue<br>Miami, FL 33131<br><br>**Mr. DiMaria's Counsel**<br><br>Kramer Levin Naftalis &<br> Frankel LLP<br>Kerri Ann Law<br>1177 Avenue of the Americas<br>New York, NY 10036 |
|  |  |  |

39.    Any objection (a) must state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the Settlement Class, including the number of shares of Bankrate common stock that the objecting Settlement Class Member purchased/acquired and/or sold during the Settlement Class Period (*i.e.*, from October 27, 2011 through October 9, 2014, inclusive), as well as the dates and prices of each such purchase/acquisition and sale.  Documents sufficient to prove membership in the Settlement Class include brokerage statements, confirmation slips, or authorized statements from a broker containing the transaction and holding information found in a confirmation slip or account statement.  You may not object to the Settlement, the Plan of Allocation, or Lead

Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses if you exclude yourself from the Settlement Class or if you are not a member of the Settlement Class.

40.  You may file a written objection without having to appear at the Settlement Fairness Hearing.  You may not, however, appear at the Settlement Fairness Hearing to present your objection unless you first file and serve a written objection in accordance with the procedures described above, unless the Court orders otherwise.

41.  If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and if you file and serve a timely written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth above so that it is *received* **on or before** _____, **2016.**  Persons who intend to object and desire to present evidence at the Settlement Fairness Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing.  Such persons may be heard orally at the discretion of the Court.

42.  You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Fairness Hearing.  However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth in ¶38 above so that the notice is *received* **on or before** _____, **2016.**

43.  The Settlement Fairness Hearing may be adjourned by the Court without further written notice to the Settlement Class.  If you plan to attend the Settlement Fairness Hearing, you should confirm the date and time with Lead Counsel.

44.  **Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses.  Settlement Class Members do not need to appear at the Settlement Fairness Hearing or take any other action to indicate their approval.**

## WHAT IF I BOUGHT SHARES ON BEHALF OF SOMEONE ELSE?

45.  If you purchased or otherwise acquired shares of Bankrate common stock from October 27, 2011 through October 9, 2014, inclusive, for the beneficial interest of persons or organizations other than yourself, you must either: (a) within fourteen (14) calendar days of receipt of this Notice, request from the Claims Administrator sufficient copies of the Notice and Claim Form (the "Notice Packet") to forward to all such beneficial owners, and within seven (7) calendar days of receipt of those Notice Packets, forward them to all such beneficial owners; or (b) within fourteen (14) calendar days of receipt of this Notice, provide a list of the names and addresses of all such beneficial owners to *The City of Los Angeles, et al. v. Bankrate, Inc., et al.,* c/o JND Legal Administration, P.O. Box 6878, Broomfield, CO  80021.  If you choose the second option, the Claims Administrator will send a copy of the Notice Packet to the beneficial owners.  Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred, by providing the Claims Administrator with proper

documentation supporting the expenses for which reimbursement is sought. Copies of this Notice and the Claim Form may also be obtained from www.BankrateSettlement.com, or by calling the Claims Administrator toll-free at 1-(844)-360-2773.

---

**CAN I SEE THE COURT FILE? WHOM SHOULD I CONTACT IF I HAVE QUESTIONS OR WOULD LIKE ADDITIONAL INFORMATION?**

---

46. This Notice contains only a summary of the terms of the proposed Settlement. For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including the Stipulation, which may be inspected during regular office hours at the Office of the Clerk, United States District Court for the Southern District of Florida, Paul G. Rogers Federal Building and U.S. Courthouse, 701 Clematis Street, Room 202, West Palm Beach, FL 33401. Additionally, copies of the Stipulation, this Notice, the Claim Form, the proposed Judgment, and any related orders entered by the Court will be posted on the website maintained by the Claims Administrator, www.BankrateSettlement.com.

All inquiries concerning this Notice and the Claim Form, or requests for additional information, should be directed to:

*The City of Los Angeles, et al. v. Bankrate, Inc., et al.*
c/o JND Legal Administration
P.O. Box 6878
Broomfield, CO  80021
844-360-2773
www.BankrateSettlement.com

and/or

KESSLER TOPAZ MELTZER &
CHECK, LLP
Andrew L. Zivitz, Esq.
Johnston de F. Whitman, Jr., Esq.
280 King of Prussia Road
Radnor, PA  19087
(610) 667-7706
info@ktmc.com

**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS OR THEIR COUNSEL REGARDING THIS NOTICE.**

Dated: _____, 2016

By Order of the Court
United States District Court
Southern District of Florida

17

## APPENDIX A

## PROPOSED PLAN OF ALLOCATION OF NET SETTLEMENT FUND

The Net Settlement Fund will be distributed to Settlement Class Members who submit valid, timely Claim Forms that are approved for payment by the Court ("Authorized Claimants"). The plan of allocation set forth below ("Plan of Allocation" or "Plan") is the plan for allocating the Net Settlement Fund that is being proposed by Lead Counsel and Lead Plaintiff. Defendants had no involvement in the proposed Plan of Allocation. The Court may approve the Plan, or modify it, without additional notice to the Settlement Class. Any order modifying the Plan will be posted on the website created and maintained for the Settlement, www.BankrateSettlement.com.

The objective of the Plan is to equitably distribute the Net Settlement Fund among Settlement Class Members who suffered economic losses as a result of the alleged violations of the federal securities laws asserted in the Action, as opposed to losses caused by market or industry factors or Company-specific factors unrelated to the alleged violations of law. The Plan generally measures the amount of loss that a Settlement Class Member can claim. The calculations made pursuant to the Plan are not intended to estimate the amounts that Settlement Class Members might have been able to recover at trial, or the amounts that will actually be paid to Authorized Claimants in connection with the Settlement. The calculations under the Plan are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund to Authorized Claimants.

To design the Plan, Lead Counsel conferred with Lead Plaintiff's damages consultant. The Plan is intended to be generally consistent with an assessment of, among other things, the damages that Lead Counsel and Lead Plaintiff believe could have been recovered for the claims asserted in the Action, and reflects Lead Plaintiff's allegations that over the course of the Settlement Class Period, the trading prices of Bankrate common stock were artificially inflated as a result of Defendants' misrepresentations and omissions. The Plan, however, is not a formal damages analysis.

To the extent there are sufficient funds in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to that claimant's "Recognized Claim," as described below. If, however, as expected, the amount in the Net Settlement Fund is not sufficient to permit payment of the total Recognized Claim of each Authorized Claimant, then each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that each Authorized Claimant's Recognized Claim bears to the total of the Recognized Claims of all Authorized Claimants – i.e., the Authorized Claimant's *pro rata* share of the Net Settlement Fund. Payment in this manner shall be deemed conclusive against all claimants.

Defendants, their counsel, and all other Released Defendant Parties will have no involvement, responsibility, or liability whatsoever for the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan or the determination, calculation, or payment of any claim. Lead Plaintiff, Lead Counsel, and their agents, likewise will have no liability for their reasonable efforts to execute and administer the Settlement, and distribute the Net Settlement Fund.

## CALCULATION OF RECOGNIZED CLAIMS

Individuals and entities are potentially eligible to participate in the Settlement and the distribution of the Net Settlement Fund if they purchased or otherwise acquired Bankrate common stock from October 27, 2011 through October 9, 2014 (i.e., the Settlement Class Period) and have a loss pursuant to the Plan.

A "Recognized Loss Amount" will be calculated as set forth below for each share of Bankrate common stock purchased or otherwise acquired during the Settlement Class Period that is listed in the Claim Form and for which adequate documentation is provided. To the extent that the calculation of a Claimant's Recognized Loss Amount results in a negative number, that number shall be set to zero.

A claimant's "Recognized Claim" under the Plan shall be the sum of his, her or its Recognized Loss Amounts as calculated under the Plan.

Pursuant to the Plan, Settlement Class Members may have a claim under Sections 11 and/or 12 of the Securities Act of 1933 (the "Securities Act")[4] and/or Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"). **Please Note: If a claimant has a claim under both Section 10(b) of the Exchange Act and Section 11 of the Securities Act for the same transaction in Bankrate common stock, that claim will be calculated under the Section of the Plan (i.e., Section I or Section II below) which yields the largest loss.**

### Exchange Act Claims

The Plan measures the amount of loss that a Settlement Class Member can claim under applicable provisions of the Exchange Act for Bankrate common stock purchased or acquired during the Settlement Class Period.  For these claims, Recognized Loss Amounts will be calculated as set forth in Section I below.  For losses to be compensable damages under the Exchange Act, the disclosure of the allegedly misrepresented information must be the cause of the decline in the price of the security.  In this case, Lead Plaintiff alleges that Defendants made false statements and omitted material facts from October 27, 2011 through October 9, 2014, which had the effect of artificially inflating the price of Bankrate common stock.  In order for a claimant to have a compensable loss, the price of Bankrate common stock must have declined due to disclosure of the alleged false and misleading statements and omissions.  Accordingly, a claimant must have purchased or acquired Bankrate common stock during the Settlement Class Period *and held such shares through* at least one of the alleged corrective disclosures that resulted in a statistically significant change in market price and removed a portion of the artificial inflation from the price of Bankrate common stock on September 15, 2014 and/or October 9, 2014.

---

[4] Under the Plan, calculation of damages under Section 12(a)(2) of the Securities Act is identical to the calculation of damages under Section 11 of the Securities Act. Additionally, as liability under Section 12(a)(2) is limited to the sellers of the security and the statute also requires privity between the buyer and the seller, damages under Section 12(a)(2) are also limited to Bankrate common stock purchased in the secondary offering.

19

In addition, the Plan takes into account the Court's November 23, 2015 Order granting Defendants' motions to dismiss and dismissing all claims and, in particular, the claims based upon the allegedly false and misleading statements made from October 27, 2011 through July 31, 2012, which were not included in the operative complaint, the Second Amended Class Action Complaint filed on December 8, 2015. Because of the Court's dismissal of these claims, and the fact that such claims were not included in the Second Amended Class Action Complaint at the time that the Parties agreed to settle the Action, such claims could not have been pursued at a trial of the Action, and could only have been further pursued in a post-trial appeal. Accordingly, Recognized Loss Amounts (as calculated below) resulting from purchases/acquisitions made during the period from October 27, 2011 through July 31, 2012, shall be multiplied by ten percent (10%) to reflect the substantially decreased likelihood of obtaining any recovery on these dismissed claims.

### Securities Act Claims

The Plan also measures the amount of loss that a Settlement Class Member can claim under applicable provisions of the Securities Act for Bankrate common stock purchased or acquired pursuant to the Company's March 4, 2014 offering documents ("March Offering").[5] For these claims, Recognized Loss Amounts will be calculated as set forth in Section II below. To determine the measure of damages under Section 11 of the Securities Act, the Plan uses February 23, 2015 as the date when the suit was brought.

### I.    Calculation of Recognized Loss Amounts Under the Exchange Act

For each share of Bankrate common stock purchased or otherwise acquired during the Settlement Class Period and sold on or before January 7, 2015,[6] an "Out of Pocket Loss" will be calculated. Out of Pocket Loss is defined as the purchase/acquisition price (excluding all fees, taxes, and commissions) *minus* the sale price (excluding all fees, taxes, and commissions). To the extent that calculation of the Out of Pocket Loss results in a negative number thereby reflecting a gain on the transaction, that number shall be set to zero.

---

[5] The Company filed a registration statement and accompanying prospectus and a preliminary prospectus supplement on February 27, 2014, and a second prospectus supplement on March 6, 2014.

[6] Pursuant to Section 21(D)(e)(1) of the Private Securities Litigation Reform Act of 1995, entitled "Limitation on Damages": "[i]n any private action arising under this chapter in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." The mean (average) daily closing trading price for Bankrate common stock during the 90-day look-back period (i.e., October 10, 2014 through January 7, 2015) is $11.39.

For each share of Bankrate common stock purchased or acquired on October 27, 2011 through October 9, 2014, and

A.  Sold prior to September 15, 2014, the Recognized Loss Amount for each share shall be zero.

B.  Sold on or after the release of corrective information on September 15, 2014, and prior to the close of trading on October 9, 2014, the Recognized Loss Amount for each share shall be *the lesser of*:

    i.  the dollar amount of alleged artificial inflation applicable to each such share on the date of purchase/acquisition as set forth in **Table 1** below *minus* the dollar amount of alleged artificial inflation applicable to each such share on the date of sale as set forth in **Table 1** below; or

    ii.  the Out of Pocket Loss.

C.  Sold after the close of trading on October 9, 2014, and prior to the close of trading on January 7, 2015, the Recognized Loss Amount for each share shall be *the least of*:

    i.  the dollar amount of alleged artificial inflation applicable to each such share on the date of purchase/acquisition as set forth in **Table 1** below; or

    ii.  the purchase/acquisition price of each such share (excluding all fees, taxes, and commissions) *minus* the average closing price of Bankrate common stock on the date of sale set forth in **Table 2** below;[7] or

    iii.  the Out of Pocket Loss.

D.  Held as of the close of trading on January 7, 2015, the Recognized Loss Amount for each share shall be *the lesser of*:

    i.  the dollar amount of alleged artificial inflation applicable to each such share on the date of purchase/acquisition as set forth in **Table 1** below; or

    ii.  the purchase/acquisition price of each such share (excluding all fees, taxes, and commissions) *minus* $11.39 (the average closing price of Bankrate

---

[7] Pursuant to Section 21(D)(e)(2) of the Private Securities Litigation Reform Act of 1995, entitled "Limitation on Damages - Exception": [i]n any private action arising under this chapter in which the plaintiff seeks to establish damages by reference to the market price of a security, if the plaintiff sells or repurchases the subject security prior to the expiration of the 90-day period described in paragraph (1), the plaintiff's damages shall not exceed the difference between the purchase price paid or received, as appropriate, by the plaintiff for the security and the mean trading price of the security during the period beginning immediately after dissemination of information correcting the misstatement or omission and ending on the date on which plaintiff sells or repurchases the security."

common stock between October 10, 2014, and January 7, 2015, as shown on the last line in **Table 2** below).

## II.     Calculation of Recognized Loss Amounts Under the Securities Act

For each share of Bankrate common stock purchased or acquired *pursuant to the Company's March 4, 2014 offering documents*, and

A.     Sold prior to the close of trading on February 23, 2015, the Recognized Loss Amount for each share shall be the purchase/acquisition price per share (not to exceed the March Offering price of $18.25) *minus* the sale price per share.

B.     Held as of the close of trading on February 23, 2015, or, sold on or after February 24, 2015, the Recognized Loss Amount for each share shall be *the lesser of*:

   i.     the purchase/acquisition price per share (not to exceed the March Offering price of $18.25) *minus* the sale price per share; or

   ii.     the purchase/acquisition price per share (not to exceed the March Offering price of $18.25) *minus* $12.36 (i.e., the closing price of Bankrate common stock on February 23, 2015, which is the date the first complaint was filed in this Action alleging claims under Section 11 of the Securities Act).

| | |
|---|---|
| Secondary Offering Price (March 4, 2014) | $18.25 per share |
| Closing Price on February 23, 2015[8] | $12.36 per share |

## ADDITIONAL PROVISIONS

If a Settlement Class Member made multiple purchases, acquisitions, or sales of Bankrate common stock during the Settlement Class Period, all purchases, acquisitions, and sales shall be matched using the FIFO (i.e., first-in, first-out) method. Under the FIFO method, Bankrate common stock sold during the Settlement Class Period will be matched, in chronological order, first against Bankrate common stock held at the beginning of the Settlement Class Period. The remaining sales of Bankrate common stock during the Settlement Class Period will then be matched, in chronological order, against Bankrate common stock purchased or acquired during the Settlement Class Period.

Purchases, acquisitions, and sales of Bankrate common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance or operation of law of Bankrate common stock during the Settlement Class Period shall not be deemed a purchase, acquisition or sale of these shares of Bankrate common stock for the calculation of an Authorized Claimant's Recognized Claim, nor

---

[8] The Amended Class Action Complaint (i.e., the first complaint in the Action alleging claims under the Securities Act) was filed on February 23, 2015.

shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of such shares of Bankrate common stock unless (i) the donor or decedent purchased or otherwise acquired such shares of Bankrate common stock during the Settlement Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such shares of Bankrate common stock; and (iii) it is specifically so provided in the instrument of gift or assignment.

The date of covering a "short sale" of Bankrate common stock is deemed to be the date of purchase or acquisition of those shares of Bankrate common stock. The date of a "short sale" is deemed to be the date of sale of Bankrate common stock. Under the Plan, however, the Recognized Loss Amount on "short sales" is zero. In the event that a claimant has an opening short position in Bankrate common stock, the earliest Settlement Class Period purchases or acquisitions shall be matched against such opening short position and not be entitled to a recovery until that short position is fully covered.

Bankrate common stock is the only security eligible for recovery under this Plan. Option contracts to purchase or sell Bankrate common stock are not securities eligible to participate in the Settlement. With respect to Bankrate common stock purchased or sold through the exercise of an option, the purchase/sale date of the Bankrate common stock is the exercise date of the option and the purchase/sale price is the exercise price of the option.

The Net Settlement Fund will be allocated among all Authorized Claimants whose Distribution Amount (as defined below) is $10.00 or greater.

The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis based on the relative size of their Recognized Claims. Specifically a "Distribution Amount" will be calculated for each Authorized Claimant, which shall be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund. If any Authorized Claimant's Distribution Amount calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to such Authorized Claimant.

After the initial distribution of the Net Settlement Fund, the Claims Administrator shall make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the fund nine (9) months after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator shall conduct a re-distribution of the funds remaining after payment of any unpaid taxes, fees, and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution. Additional re-distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional re-distributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determines that additional re-distributions, after the deduction of any additional taxes, fees, and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective. At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance shall

be contributed to non-sectarian, not-for-profit organization(s), to be recommended by Lead Counsel and approved by the Court.

Payment pursuant to the Plan, or such other plan of allocation as may be approved by the Court, shall be conclusive against all Authorized Claimants. No person shall have any claim against Lead Plaintiff, Plaintiffs' Counsel, Lead Plaintiff's damages consultant, or any of the other Released Parties, or the Claims Administrator or other agent designated by Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further Orders of the Court.

**TABLE 1**

**Bankrate Common Stock Alleged Artificial Inflation for Purposes of
Calculating Purchase/Acquisition and Sale Inflation**

| Date Range | Inflation Per Share |
|---|---|
| October 27, 2011 (after the close of trading) – September 14, 2014 | $2.69 |
| September 15, 2014 – October 9, 2015 | $0.96 |
| On and after October 10, 2014 | $0.00 |

**TABLE 2**

**Bankrate Common Stock Closing Price and Average Closing Price
October 10, 2014 – January 7, 2015**

| Date | Closing Price | Average Closing Price Between October 10, 2014 and Date Shown | Date | Closing Price | Average Closing Price Between October 10, 2014 and Date Shown |
|---|---|---|---|---|---|
| 10/10/2014 | $9.75 | $9.75 | 11/24/2014 | $12.00 | $10.88 |
| 10/13/2014 | $9.66 | $9.71 | 11/25/2014 | $11.93 | $10.91 |
| 10/14/2014 | $9.89 | $9.77 | 11/26/2014 | $11.83 | $10.94 |
| 10/15/2014 | $10.04 | $9.84 | 11/28/2014 | $11.69 | $10.96 |
| 10/16/2014 | $10.15 | $9.90 | 12/1/2014 | $11.91 | $10.98 |
| 10/17/2014 | $9.96 | $9.91 | 12/2/2014 | $11.96 | $11.01 |
| 10/20/2014 | $10.10 | $9.94 | 12/3/2014 | $11.93 | $11.03 |
| 10/21/2014 | $10.33 | $9.99 | 12/4/2014 | $11.70 | $11.05 |
| 10/22/2014 | $9.83 | $9.97 | 12/5/2014 | $11.84 | $11.07 |
| 10/23/2014 | $10.15 | $9.99 | 12/8/2014 | $11.36 | $11.08 |
| 10/24/2014 | $10.13 | $10.00 | 12/9/2014 | $11.70 | $11.09 |
| 10/27/2014 | $10.28 | $10.02 | 12/10/2014 | $11.41 | $11.10 |
| 10/28/2014 | $10.63 | $10.07 | 12/11/2014 | $11.33 | $11.11 |
| 10/29/2014 | $10.35 | $10.09 | 12/12/2014 | $11.22 | $11.11 |
| 10/30/2014 | $10.59 | $10.12 | 12/15/2014 | $11.19 | $11.11 |
| 10/31/2014 | $10.86 | $10.17 | 12/16/2014 | $11.23 | $11.11 |
| 11/3/2014 | $10.75 | $10.20 | 12/17/2014 | $11.53 | $11.12 |

| | | | | | |
|---|---|---|---|---|---|
| 11/4/2014 | $10.74 | $10.23 | 12/18/2014 | $12.02 | $11.14 |
| 11/5/2014 | $10.81 | $10.26 | 12/19/2014 | $12.51 | $11.17 |
| 11/6/2014 | $10.83 | $10.29 | 12/22/2014 | $12.64 | $11.20 |
| 11/7/2014 | $10.80 | $10.32 | 12/23/2014 | $12.64 | $11.22 |
| 11/10/2014 | $11.51 | $10.37 | 12/24/2014 | $12.63 | $11.25 |
| 11/11/2014 | $11.90 | $10.44 | 12/26/2014 | $12.60 | $11.27 |
| 11/12/2014 | $12.15 | $10.51 | 12/29/2014 | $12.44 | $11.30 |
| 11/13/2014 | $12.04 | $10.57 | 12/30/2014 | $12.57 | $11.32 |
| 11/14/2014 | $12.15 | $10.63 | 12/31/2014 | $12.43 | $11.34 |
| 11/17/2014 | $12.05 | $10.68 | 1/2/2015 | $12.35 | $11.36 |
| 11/18/2014 | $11.95 | $10.73 | 1/5/2015 | $12.12 | $11.37 |
| 11/19/2014 | $11.70 | $10.76 | 1/6/2015 | $11.96 | $11.38 |
| 11/20/2014 | $11.87 | $10.80 | 1/7/2015 | $12.05 | $11.39 |
| 11/21/2014 | $12.08 | $10.84 | | | |

Exhibit A-2

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### CASE NO. 9:14-cv-81323-DMM

THE CITY OF LOS ANGELES, ACTING THROUGH ITS FIRE AND
POLICE PENSION SYSTEM, ACTING BY ORDER OF AND THROUGH
ITS BOARD OF FIRE AND POLICE PENSION COMMISSIONERS,
Individually and on Behalf of All Others Similarly
Situated,

*Plaintiffs,*

v.

BANKRATE, INC., EDWARD J. DIMARIA, KENNETH S. ESTEROW,
GOLDMAN, SACHS & CO., MERRILL LYNCH, PIERCE, FENNER &
SMITH INCORPORATED, RBC CAPITAL MARKETS, LLC, AND
STEPHENS, INC.,

*Defendants.*

---

### CLAIM FORM – PROOF OF CLAIM AND RELEASE FORM

TO BE ELIGIBLE TO RECEIVE A SHARE OF THE NET SETTLEMENT FUND IN
CONNECTION WITH THE SETTLEMENT OF THIS ACTION, YOU MUST COMPLETE
AND SIGN THIS PROOF OF CLAIM AND RELEASE FORM ("CLAIM FORM") AND
MAIL IT BY PREPAID, FIRST-CLASS MAIL, **POSTMARKED NO LATER THAN
_____, 2016**, TO THE FOLLOWING ADDRESS:

*The City of Los Angeles, et al. v. Bankrate, Inc., et al.*
**c/o JND Legal Administration**
**P.O. Box 6878**
**Broomfield, CO  80021**

FAILURE TO SUBMIT YOUR CLAIM FORM AND THE REQUIRED SUPPORTING
DOCUMENTATION BY THE DATE SPECIFIED WILL SUBJECT YOUR CLAIM TO
REJECTION AND MAY PRECLUDE YOU FROM BEING ELIGIBLE TO RECEIVE ANY
MONEY IN CONNECTION WITH THE SETTLEMENT.

**DO NOT MAIL OR DELIVER YOUR CLAIM FORM TO THE COURT, THE PARTIES
TO THIS ACTION, OR THEIR COUNSEL.  SUBMIT YOUR CLAIM FORM ONLY TO
THE CLAIMS ADMINISTRATOR AT THE ADDRESS SET FORTH ABOVE.**

## GENERAL INSTRUCTIONS

1.      Capitalized terms not defined in this Claim Form have the meanings ascribed to them in the Notice of Pendency of Class Action, Certification of Settlement Class, Proposed Settlement, and Settlement Fairness Hearing ("Notice") that accompanies this Claim Form, and the Stipulation and Agreement of Settlement, dated July 18, 2016 ("Stipulation").

2.      It is important that you completely read and understand the accompanying Notice. The Notice describes the proposed Settlement of the above-captioned action ("Action"), how Settlement Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court.  By signing and submitting this Claim Form, you will be certifying that you have read and understand the Notice, including the terms of the releases described therein and provided for herein.

3.      To be potentially eligible to recover from the Net Settlement Fund in *The City of Los Angeles, et al. v. Bankrate, Inc., et al.*, Case No. 9:14-cv-81323-DMM (S.D. Fla.), you must complete and, on page __, sign this Claim Form, and submit your Claim Form to the Claims Administrator as instructed below.  If you fail to submit a properly completed and addressed Claim Form by the date specified below, your claim may be rejected and you may be precluded from receiving any recovery from the Net Settlement Fund created in connection with the Settlement of the Action.

4.      Submission of this Claim Form, however, does not ensure that you will share in the Net Settlement Fund.  The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Notice, if it is approved by the Court, or by such other plan of allocation as the Court approves.

5.      **YOU MUST MAIL OR SUBMIT YOUR COMPLETED AND SIGNED CLAIM FORM SO THAT IT IS POSTMARKED OR RECEIVED NO LATER THAN _____, 2016, ADDRESSED AS FOLLOWS:**

*The City of Los Angeles, et al. v. Bankrate, Inc., et al.*
**c/o JND Legal Administration**
**P.O. Box 6878**
**Broomfield, CO  80021**

To be considered timely, **your Claim Form must be postmarked or received by the deadline above**.  Unless your Claim Form is submitted with a postmark, it will be deemed to have been submitted when actually received by the Claims Administrator.

6.      Use the Schedule of Transactions in Part II of this Claim Form to supply all required details of your transaction(s) (including free transfers and deliveries) in and holdings of Bankrate, Inc. ("Bankrate") common stock.  On this schedule, please provide all of the requested information with respect to your holdings, purchases, acquisitions, and sales of Bankrate common stock, regardless of whether such transactions resulted in a profit or a loss.  Failure to report all

2

transaction and holding information during the requested time period may result in the rejection of your claim.

7.    You must submit supporting documentation for the transactions reported in this Claim Form, such as broker confirmation slips, broker account statements, an authorized statement from your broker reporting information about your transactions, or other similar documents. **The Parties and the Claims Administrator do not independently have information about your investments in Bankrate common stock. If such documents are not in your possession, please obtain copies or equivalent documents from your broker.    Failure to supply this documentation may result in the rejection of your claim.** DO NOT SEND ORIGINAL DOCUMENTS.  Please keep a copy of all documents that you send to the Claims Administrator. Also, please do not highlight any portion of the Claim Form or any supporting documents.

8.    Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, a claim from joint owners should not include the transactions of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made solely in the individual's name).  Conversely, a single Claim Form should be submitted on behalf of one legal entity that includes all transactions made by that entity, no matter how many separate accounts that entity has (*e.g.*, a corporation with multiple brokerage accounts should include all transactions made in all accounts on one Claim Form).

9.    All joint beneficial owners must each sign this Claim Form and their names must appear in Part I of this Claim Form.  If you purchased or otherwise acquired Bankrate common stock during the Settlement Class Period and held the stock in your name, you are the beneficial owner as well as the record owner and you must sign this Claim Form to participate in the Settlement.   If you purchased or otherwise acquired Bankrate common stock during the Settlement Class Period for your own benefit, but the stock was registered in the name of a third party, such as a nominee or brokerage firm, you are still the beneficial owner of these shares, but the third party is the record owner.  The beneficial owner, not the record owner, must sign this Claim Form to be eligible to participate in the Settlement.

10.    Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons and entities represented by them, and they must:

a.    expressly state the capacity in which they are acting;
b.    identify the name, account number, Social Security Number (or taxpayer identification number), address and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the Bankrate common stock; and
c.    furnish evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting.  (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade securities in another person/entity's accounts.)

11.    By submitting this Claim Form, you will be making a request to share in the proceeds of the Settlement described in the Notice.  If you are NOT a Settlement Class Member (as defined in

the Notice), or are excluded by the definition of the Settlement Class, or if you, or someone acting on your behalf, submitted a request for exclusion from the Settlement Class in accordance with the instructions set forth in the Notice, DO NOT submit a Claim Form.  You may not, directly or indirectly, participate in the Settlement if you are not a Settlement Class Member.  Thus, if you are excluded from the Settlement Class, any Claim Form that you submit, or that may be submitted on your behalf, will not be accepted.

12.     If you are a Settlement Class Member, and you do not request exclusion from the Settlement Class pursuant to the instructions set forth in the Notice, you will be bound by the terms of the Settlement and any orders or judgments entered in this Action, WHETHER OR NOT YOU SUBMIT A CLAIM FORM OR RECEIVE A PAYMENT.

13.     NOTICE REGARDING ELECTRONIC FILES:  Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  To obtain the mandatory electronic filing requirements and file layout, you may visit the settlement website at www.BankrateSettlement.com or you may email the Claims Administrator's electronic filing department at Securities@ClassActionAdmin.com. Any file not submitted in accordance with the required electronic filing format will be subject to rejection.  No electronic files will be considered to have been properly submitted unless the Claims Administrator issues an email after processing your file with your claim number(s) and respective account information.  Do not assume that your file has been received or processed until you receive this email.  If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at Securities@ClassActionAdmin.com to inquire about your file and confirm it was received and acceptable.

14.     If you have questions concerning the Claim Form, or need additional copies of the Claim Form or the Notice, you may contact the Claims Administrator, JND Legal Administration, by writing to the above address, by calling the toll-free hotline at 1-844-360-2773 or by sending an email to info@BankrateSettlement.com, or you may download the documents from www.BankrateSettlement.com.  **PLEASE NOTE**: YOUR CLAIM IS NOT DEEMED SUBMITTED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD. THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM BY MAIL, WITHIN 60 DAYS.   IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD WITHIN 60 DAYS, PLEASE CONTACT THE CLAIMS ADMINISTRATOR.

## PART I – CLAIMANT IDENTIFICATION

The Claims Administrator will use the information supplied below for all communications regarding this Claim Form.   If this information changes, you MUST notify the Claims Administrator in writing at the address above.

**Complete either Section A or B and then proceed to Section C.   Please type or print.**

**A.**     **Complete this Section ONLY if the Beneficial Owner is an individual, joint, or IRA account.   Otherwise, proceed to Section B.**

Last Name (Beneficial Owner)

First Name (Beneficial Owner)

Last Name (Joint Beneficial Owner, if applicable)

First Name (Joint Beneficial Owner, if applicable)

Name of Custodian, if applicable

If this account is an IRA, and if you would like any check that you MAY be eligible to receive made payable to the IRA account, please include "IRA" in the "Last Name" box above (e.g., Jones IRA).

**B.**     **Complete this Section ONLY if the Beneficial Owner is an Entity; i.e., corporation, trust, estate, etc.**

Entity Name

Name of Representative, if applicable (Executor, administrator, trustee, c/o, etc.)

**C.**     **Mailing/Account Information**

Specify one of the following:

☐ Individual(s)   ☐ Corporation   ☐ UGMA Custodian   ☐ IRA   ☐ Partnership   ☐ Estate   ☐ Trust
☐ Other:

Mailing Address – Line 1: Street Address/P.O. Box

5

Mailing Address – Line 2 (If Applicable): Apartment/Suite/Floor Number

City

State/Province                    ZIP Code/Postal Code (if outside U.S.)                    Country

Last 4 digits of Claimant Social Security/Taxpayer Identification Number[1]

Daytime Telephone Number                                            Evening Telephone Number

Email Address (An email address is not required, but if you provide it, you authorize the Claims Administrator to use it in providing you with information relevant to this claim.)

**D.      Payment Preference**

**If you are eligible to receive a distribution from this Settlement, any payment you MAY receive will be in U.S. Dollars.**

☐   If you are eligible to receive a distribution from this Settlement and would like to receive payment in a different currency than U.S. Dollars, please check this box and indicate the requested currency here: _____.

---

[1] The last four digits of the taxpayer identification number (TIN), consisting of a valid Social Security Number (SSN) for individuals or Employer Identification Number (EIN) for business entities, trusts, estates, etc., and telephone number of the beneficial owner(s) may be used in verifying this claim.

# PART II – SCHEDULE OF TRANSACTIONS IN BANKRATE COMMON STOCK

Please be sure to include proper documentation with your Claim Form as described in detail in Paragraph 7 of the General Instructions above. Do not include information regarding securities other than Bankrate common stock.

| 1. BEGINNING HOLDINGS OF BANKRATE COMMON STOCK – State the total number of shares of Bankrate common stock held as of the opening of trading on October 27, 2011. (Must be documented.) If none, write "zero" or "0." _____ | | | | Proof of Position Enclosed<br>Y    N |
|---|---|---|---|---|
| 2. PURCHASES/ACQUISITIONS OF BANKRATE COMMON STOCK ON THE OPEN MARKET DURING THE PERIOD FROM OCTOBER 27, 2011 THROUGH AND INCLUDING FEBRUARY 23, 2015 – Separately list each and every purchase/acquisition (including free receipts) of Bankrate common stock on the open market from after the opening of trading on October 27, 2011 through and including the close of trading on February 23, 2015. (Must be documented.)[2] | | | | IF NONE, CHECK HERE |
| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/ Acquired | Purchase/ Acquisition Price Per Share | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) | Proof of Purchase/ Acquisition Enclosed<br>Y    N |
| /   / | | $ | $ | Y    N |
| /   / | | $ | $ | Y    N |
| /   / | | $ | $ | Y    N |
| /   / | | $ | $ | Y    N |
| 3. PURCHASES/ACQUISITIONS OF BANKRATE COMMON STOCK PURSUANT TO THE MARCH 2014 SECONDARY OFFERING – State the total number of shares of Bankrate common stock purchased/acquired pursuant to the March 2014 Secondary Offering. To be considered a purchase or acquisition pursuant to the March 2014 Secondary Offering, you must have purchased/acquired the Bankrate common stock for $18.25 per share pursuant to the February 27, 2014 Registration Statement filed with the SEC on February 27, 2014 and the March 4, 2014 prospectus supplement that was filed with the SEC on March 6, 2014. If none, write "zero" or "0." _____ | | | | Proof of Purchase/ Acquisition Enclosed<br>Y    N |

[2] **PLEASE NOTE:** Information requested with respect to your purchases/acquisitions of Bankrate common stock from after the opening of trading on October 10, 2014 through and including the close of trading on February 23, 2015 is needed in order to balance your claim; purchases/acquisitions of Bankrate common stock during this period, however, are **not** eligible under the Settlement and will not be used for purposes of calculating your Recognized Claim pursuant to the Plan of Allocation.

| 4.  SALES OF BANKRATE COMMON STOCK DURING THE PERIOD FROM OCTOBER 27, 2011 THROUGH AND INCLUDING FEBRUARY 23, 2015 – Separately list each and every sale/disposition (including free deliveries) of Bankrate common stock from after the opening of trading on October 27, 2011 through and including the close of trading on February 23, 2015. (Must be documented.) | | | | IF NONE, CHECK HERE |
|---|---|---|---|---|
| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions, and fees) | Proof of Sale Enclosed |
| /    / | | $ | $ | Y       N |
| /    / | | $ | $ | Y       N |
| /    / | | $ | $ | Y       N |
| /    / | | $ | $ | Y       N |
| 6.  ENDING HOLDINGS – State the total number of shares of Bankrate common stock held as of the close of trading on February 23, 2015.  (Must be documented.) If none, write "zero" or "0." _____ | | | | Proof of Position Enclosed Y       N |

IF YOU REQUIRE ADDITIONAL SPACE FOR THE SCHEDULE ABOVE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT.  PRINT THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF SOCIAL SECURITY/TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE.  IF YOU DO ATTACH EXTRA SCHEDULES, CHECK THIS BOX ☐

## PART III - RELEASE OF CLAIMS AND SIGNATURE

## YOU MUST ALSO READ THE CERTIFICATION SET FORTH BELOW AND SIGN ON PAGE __ OF THIS CLAIM FORM.

I (we) hereby acknowledge that, pursuant to the terms set forth in the Stipulation, without further action by anyone, upon the Effective Date of the Settlement, I (we), on behalf of myself (ourselves) and my (our) heirs, executors, trustees, administrators, predecessors, successors, assigns, parents, subsidiaries, affiliates, officers, directors, agents, fiduciaries, beneficiaries or legal representatives, in their capacities as such, and any other person or entity who or that was, is, or would be legally entitled to bring Claims Released By Plaintiffs on my (our) behalf, in that capacity, shall, with respect to each and every Claim Released By Plaintiffs (including, without limitation, any Unknown Claims), be deemed to have, and by operation of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed and shall be forever be enjoined from prosecuting any of the Claims Released By Plaintiffs against any of the Defendant Related Parties.

## CERTIFICATION

By signing and submitting this Claim Form, the claimant(s) or the person(s) who represent(s) the claimant(s) certifies (certify), as follows:

1.　　that I (we) have read and understand the contents of the Notice and this Claim Form, including the releases provided for in the Settlement and the terms of the Plan of Allocation;

2.　　that the claimant(s) is a (are) Settlement Class Member(s), as defined in the Notice, and is (are) not excluded by definition from the Settlement Class as set forth in the Notice;

3.　　that the claimant did **not** submit a request for exclusion from the Settlement Class in accordance with the instructions set forth in the Notice;

4.　　that I (we) own(ed) the Bankrate common stock identified in the Claim Form and have not assigned the claim against any of the Defendants or any of the other Defendant Related Parties to another, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

5.　　that the claimant(s) has (have) not submitted any other claim covering the same purchases/acquisitions of Bankrate common stock and knows (know) of no other person having done so on the claimant's (claimants') behalf;

6.　　that the claimant(s) has (have) not already submitted to binding arbitration and is (are) not party to any other lawsuit concerning claimant's (claimants') interest in Bankrate stock;

7.　　that the claimant(s) submit(s) to the jurisdiction of the Court with respect to

claimant's (claimants') claim and for purposes of enforcing the releases set forth herein;

8.    that I (we) agree to furnish such additional information with respect to this Claim Form as Lead Counsel, the Claims Administrator or the Court may require;

9.    that the claimant(s) waive(s) the right to trial by jury, to the extent it exists, and agree(s) to the Court's summary disposition of the determination of the validity or amount of the claim made by this Claim Form;

10.    that I (we) acknowledge that the claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

11.    that the claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (a) the claimant(s) is (are) exempt from backup withholding or (b) the claimant(s) has (have) not been notified by the IRS that he/she/it is subject to backup withholding as a result of a failure to report all interest or dividends or (c) the IRS has notified the claimant(s) that he/she/it is no longer subject to backup withholding.  **If the IRS has notified the claimant(s) that he/she/it is subject to backup withholding, please strike out the language in the preceding sentence indicating that the claim is not subject to backup withholding in the certification above.**

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

Executed this _____ day of _____ in _____

(Month/Year)                              (City/State/Country)


_____                _____
(Sign your name here)                                          (Sign your name here)


_____                _____
(Type or print your name here)                               (Type or print your name here)


_____                _____
Capacity of person signing on behalf of          Capacity of person signing on behalf of
claimant, if other than an individual, *e.g.*,    claimant, if other than an individual, *e.g.*,
executor, president, trustee, custodian, etc.     executor, president, trustee, custodian, etc.

10

(Must provide evidence of authority to act on behalf of claimant – see paragraph 10 (on page _ of this Claim Form.)

(Must provide evidence of authority to act on behalf of claimant – see paragraph 10 (on page _ of this Claim Form.)

## REMINDER CHECKLIST

1. Please sign the above release and certification.  If this Claim Form is being made on behalf of joint claimants, then both must sign.

2. Remember to attach only **copies** of acceptable supporting documentation as these documents will not be returned to you.

3. Please do not highlight any portion of the Claim Form or any supporting documents.

4. Keep copies of the completed Claim Form and documentation for your own records.

5. The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days.  Your claim is not deemed submitted until you receive an acknowledgement postcard.  **IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD WITHIN 60 DAYS, PLEASE CALL THE CLAIMS ADMINISTRATOR TOLL FREE AT 1-844-360-2773.**

6. If your address changes in the future, or if this Claim Form was sent to an old or incorrect address, please send the Claims Administrator written notification of your new address.  If you change your name, please inform the Claims Administrator.

7. If you have any questions or concerns regarding your claim, please contact the Claims Administrator in writing at the below address, toll-free at 1-844-360-2773, by email at info@BankrateSettlement.com, or visit www.BankrateSettlement.com.  Please DO NOT call Bankrate, any other Defendants or their counsel with questions regarding your claim.

THIS CLAIM FORM MUST BE SUBMITTED TO THE CLAIMS ADMINISTRATOR SO THAT IT IS **POSTMARKED OR RECEIVED NO LATER THAN _____, 2016,** ADDRESSED AS FOLLOWS:

*The City of Los Angeles, et al. v. Bankrate, Inc., et al.*
**c/o JND Legal Administration**
**P.O. Box 6878**
**Broomfield, CO  80021**

You should be aware that it will take a significant amount of time to fully process all of the submitted Claim Forms and to administer the Settlement.  This work will be completed as promptly as time permits, given the need to review and tabulate each Claim Form.  Please be patient and notify the Claims Administrator of any change of address.

#5074412 v8

11

Exhibit A-3

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### CASE NO. 9:14-cv-81323-DMM

THE CITY OF LOS ANGELES, ACTING THROUGH ITS FIRE AND
POLICE PENSION SYSTEM, ACTING BY ORDER OF AND THROUGH
ITS BOARD OF FIRE AND POLICE PENSION COMMISSIONERS,
Individually and on Behalf of All Others Similarly
Situated,

*Plaintiffs,*

v.

BANKRATE, INC., EDWARD J. DIMARIA, KENNETH S. ESTEROW,
GOLDMAN, SACHS & CO., MERRILL LYNCH, PIERCE, FENNER &
SMITH INCORPORATED, RBC CAPITAL MARKETS, LLC, AND
STEPHENS, INC.,

*Defendants.*

## SUMMARY NOTICE OF PENDENCY OF CLASS ACTION, CERTIFICATION OF SETTLEMENT CLASS, PROPOSED SETTLEMENT, AND SETTLEMENT FAIRNESS HEARING

**TO:** **All persons and entities who or which purchased or otherwise acquired the common stock of Bankrate, Inc. ("Bankrate") during the period from October 27, 2011 through October 9, 2014, inclusive (the "Settlement Class Period"), including in the March 2014 Secondary Offering of Bankrate common stock (the "Settlement Class").**

Certain persons and entities are excluded from the definition of Settlement Class as set forth in detail in the Stipulation and Agreement of Settlement dated July 18, 2016 (the "Stipulation") and the Notice described below.

**PLEASE READ THIS NOTICE CAREFULLY. IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS, YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT, AND YOU MAY BE ENTITLED TO SHARE IN THE SETTLEMENT DESCRIBED BELOW.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of Florida, that the above-captioned litigation ("Action") has been conditionally certified as a class action for the purposes of settlement only and that the parties to the Action have reached a proposed settlement for $20,000,000 in cash (the "Settlement"), that, if approved, will resolve all claims in the Action. A hearing will be held on _____, 2016 at __:__ _.m., before the Honorable

Donald M. Middlebrooks at the United States District Court for the Southern District of Florida, Paul G. Rogers Federal Building and U.S. Courthouse, 701 Clematis Street, West Palm Beach, FL 33401, to determine: (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether the Action should be dismissed with prejudice against Defendants, and the releases specified and described in the Stipulation (and in the Notice) should be granted; (iii) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (iv) whether Lead Counsel's application for an award of attorneys' fees and reimbursement of expenses should be approved.

**IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS DESCRIBED ABOVE, YOUR RIGHTS WILL BE AFFECTED BY THE PENDING ACTION AND YOU MAY BE ENTITLED TO SHARE IN THE SETTLEMENT FUND.** A detailed Notice of Pendency of Class Action, Certification of Settlement Class, Proposed Settlement, and Settlement Fairness Hearing ("Notice") and Proof of Claim and Release form ("Claim Form") are currently being mailed to Settlement Class Members explaining their rights in connection with the Settlement and the process for submitting a Claim Form. If you have not yet received the detailed Notice and Claim Form, you may obtain copies of these documents by visiting www.BankrateSettlement.com, or by contacting the Claims Administrator at:

*The City of Los Angeles, et al. v. Bankrate, Inc., et al.*
c/o JND Legal Administration
P.O. Box 6878
Broomfield, CO  80021
(844) 360-2773
info@BankrateSettlement.com

Inquiries, other than requests for the Notice and Claim Form, should be made to Court-appointed Lead Counsel:

**KESSLER TOPAZ MELTZER & CHECK, LLP**
Andrew L. Zivitz, Esq.
Johnston de F. Whitman, Jr., Esq.
280 King of Prussia Road
Radnor, PA  19087
(610) 667-7706
info@ktmc.com

If you are a member of the Settlement Class, in order to be eligible to receive a payment from the Settlement, you must submit a Claim Form *postmarked* **no later than** _____, **2016**. If you are a Settlement Class Member and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement, but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a member of the Settlement Class and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion such that it is *received* **no later than** _____, **2016**, in accordance with the instructions set forth in the Notice. If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or

2

orders entered by the Court in the Action and you will not be eligible to share in the proceeds of the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and reimbursement of expenses, must be filed with the Court and delivered to Lead Counsel and Defendants' Counsel such that they are *received* **no later than _____, 2016**, in accordance with the instructions set forth in the Notice.

**Please do not contact the Court, the Clerk's office, Bankrate, or its counsel regarding this notice. All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to Lead Counsel or the Claims Administrator.**

DATED: _____

BY ORDER OF THE COURT
United States District Court
Southern District of Florida

#5074416 v9

3