UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 9:14-cv-81323-DMM

THE CITY OF LOS ANGELES, ACTING THROUGH ITS FIRE AND POLICE PENSION SYSTEM, ACTING BY ORDER OF AND THROUGH ITS BOARD OF FIRE AND POLICE PENSION COMMISSIONERS, Individually and on Behalf of All Others Similarly Situated,

         *Plaintiffs*,

v.

BANKRATE, INC., EDWARD J. DIMARIA, KENNETH S. ESTEROW, GOLDMAN, SACHS & CO., MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED, RBC CAPITAL MARKETS, LLC, AND STEPHENS, INC.,

         *Defendants*.

**<u>JUDGMENT APPROVING CLASS ACTION SETTLEMENT</u>**

WHEREAS, a securities class action is pending in this Court entitled *The City of Los Angeles, et al. v. Bankrate, Inc., et al.*, Case No. 9:14-cv-81323-DMM (the "Action");

WHEREAS, (a) the City of Los Angeles, Acting through its Fire and Police Pension System, Acting by order of and through its Board of Fire and Police Pension Commissioners ("Lead Plaintiff"), on behalf of itself and the Settlement Class (defined below), and (b) defendants Bankrate, Inc. ("Bankrate"), Edward J. DiMaria, Kenneth S. Esterow, Goldman, Sachs & Co., Merrill Lynch, Pierce, Fenner & Smith Incorporated, RBC Capital Markets, LLC, and Stephens, Inc. (collectively, "Defendants") have determined to settle and dismiss the Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated July 18, 2016 (the "Stipulation"), that provides for a complete dismissal with prejudice of the Action against Defendants on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

1

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

WHEREAS, by Order dated August 25, 2016 (the "Preliminary Approval Order"), this Court: (a) preliminarily approved the Settlement; (b) preliminarily certified the Settlement Class for settlement purposes only; (c) ordered that notice of the proposed Settlement be provided to potential Settlement Class Members; (d) provided Settlement Class Members with the opportunity either to exclude themselves from the Settlement Class or to object to the proposed Settlement; and (e) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Settlement Class;

WHEREAS, the Court conducted a hearing on February 6, 2017 (the "Settlement Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to the Settlement Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against the Defendants; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

WHEREAS, no Class Members have filed objections with the Court, or presented same to the Claims Administrator or Lead Plaintiff, or objected in person at the hearing;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.   **Jurisdiction**: The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Settlement Class Members.

2

2. **Incorporation of Settlement Documents**: This Judgment incorporates and makes a part hereof: (a) the Stipulation filed with the Court on July 18, 2016; and (b) the Notice and the Summary Notice, substantially similar forms of which were filed with the Court on July 18, 2016.

3. **Certification of the Settlement Class for Purposes of Settlement**: Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court finally certifies, solely for purposes of effectuating the Settlement, this Action as a class action on behalf of a Settlement Class defined as all persons and entities who or which purchased or otherwise acquired the common stock of Bankrate during the period from October 27, 2011 through October 9, 2014, inclusive (the "Settlement Class Period"), including in the March 2014 Secondary Offering of Bankrate common stock. Excluded from the Settlement Class are Defendants and Former Defendants; members of the Immediate Family of any Defendant or Former Defendant; any firm, trust, corporation, or other entity in which any Defendant or Former Defendant has or had a controlling interest, and any legal representatives, heirs, successors-in-interest, or assigns of any such excluded person. Notwithstanding the foregoing exclusions, Investment Vehicles shall not be excluded from the Settlement Class.

4. Lead Plaintiff is hereby appointed, for purposes of effectuating the Settlement only, as Class Representative for purposes of Federal Rule of Civil Procedure 23. Kessler Topaz Meltzer & Check, LLP, which was appointed by the Court to serve as Lead Counsel, is hereby appointed, for settlement purposes only, as Class Counsel pursuant to Rules 23(c)(1)(B) and (g) of the Federal Rules of Civil Procedure.

5. **Notice**: The Court finds that the dissemination of the Notice and the publication of the Summary Notice: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the

pendency of the Action; (ii) their right to exclude themselves from the Settlement Class; (iii) the effect of the proposed Settlement (including the releases to be provided thereunder); (iv) Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses; (v) their right to object to any aspect of the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses; and (vi) their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Federal Rule of Civil Procedure 23, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §78u-4(a)(7), 15 U.S.C. §77z-1(a)(7), and all other applicable law and rules.

6. **Final Settlement Approval and Dismissal of Claims**: Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the releases provided for therein; and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable and adequate to the Settlement Class. The Parties are directed to implement, perform and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

7. The Action is hereby dismissed with prejudice. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

8. **Binding Effect**: The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Lead Plaintiff, and all Settlement Class Members (regardless of whether or not any individual Settlement Class Member submits a Claim Form or seeks or obtains a distribution

from the Net Settlement Fund), as well as their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, in their capacities as such.

9. **Releases**: The releases set forth in paragraphs 5 and 6 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects. The releases are effective as of the Effective Date. Accordingly, this Court orders that:

*(a)* Upon the Effective Date of the Settlement, without further action by anyone, Lead Plaintiff and each of the Settlement Class Members (whether or not such Person submits a Claim Form), on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, assigns, parents, subsidiaries, affiliates, officers, directors, agents, fiduciaries, beneficiaries or legal representatives, in their capacities as such, and any other person or entity who or that was, is, or would be legally entitled to bring Claims Released By Plaintiffs on behalf of a Settlement Class Member, in that capacity, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed each and every Claim Released By Plaintiffs (including, without limitation, any Unknown Claims) against the Defendants and the other Defendant Related Parties, and shall forever be enjoined from prosecuting any or all of the Claims Released By Plaintiffs against any of the Defendant Related Parties.

(b) Upon the Effective Date of the Settlement, without further action by anyone, Defendants, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, assigns, parents, subsidiaries, affiliates, officers, directors, agents, fiduciaries, beneficiaries or legal representatives, in their capacities as such, and any other person or entity who or that was, is, or would be legally entitled to bring Claims Released By Defendants on behalf of any Defendant, in that capacity, shall be deemed to have, and by operation

of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Claim Released by Defendants (including, without limitation, any Unknown Claims) against Lead Plaintiff and the other Plaintiff Related Parties, and shall forever be enjoined from prosecuting any or all of the Claims Released By Defendants against Lead Plaintiff or any of the Plaintiff Related Parties. This release does not release any claims of any nature of any Defendant against Defendants' insurers.

10. Notwithstanding paragraphs 9(a) – (b) above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

11. Upon the Effective Date of the Settlement, Lead Plaintiff and each and every Settlement Class Member shall be permanently barred and enjoined from directly or indirectly, or through a third party, instituting, reinstituting, initiating, commencing, maintaining, continuing, filing, encouraging, soliciting, collaborating in, or otherwise prosecuting, against Defendants or any of the other Defendant Related Parties any of the Claims Released By Plaintiffs, whether in this Court, in any other forum, or otherwise, provided, however, that this Judgment shall not preclude any action to enforce the terms of the Stipulation or any action or claims, including but not limited to the Claims Released By Plaintiffs, that Defendants may have against any Defendant Related Parties, including but not limited to its insurers.

12. **Bar Order and Judgment Reduction**: Pursuant to the provisions of the Private Securities Litigation Reform Act of 1995, Pub.L. No. 104-67, 109 Stat. 737, 15 U.S.C. §78u-4(f)(7) (the "PSLRA"), the Court hereby bars all future claims for contribution and indemnification (or any other claim where the injury to the non-settling person or entity is the non-settling person's or entity's liability to the Settlement Class) arising out of the Action (a) by any Person against any settling covered person (as defined in the PSLRA), and (b) by the settling covered person (as defined in the PSLRA) against any Person, other than a Person whose liability to the Settlement

6

Class has been extinguished by the settlement of the settling covered person, provided, however, that this bar shall not preclude any action to enforce the terms of the Stipulation or any action or claims, including but not limited to the Claims Released By Plaintiffs, that Defendants may have against any Defendant Related Parties, including but not limited to their insurers, and provided, further, that this bar shall not include, and nothing in this Judgment shall release or alter, the contractual rights, if any, (i) between or among the Underwriter Defendants under their applicable Agreement Among Underwriters relating to any offering of securities by Bankrate, (ii) between the Underwriter Defendants, on the one hand, and Bankrate, on the other hand, under any applicable Underwriting Agreements with respect to any right of indemnification or contribution in connection with the payment of the Settlement Amount or incurrence of defense costs, or (iii) between any other Defendant or Former Defendant, on the one hand, and Bankrate, on the other hand, under any applicable agreements with respect to any right of indemnification or contribution in connection with the payment of the Settlement Amount or incurrence of defense costs.

13. Any final verdict or judgment that may be obtained by or on behalf of the Settlement Class or a Settlement Class Member against any person or entity subject to the Bar Order in paragraph 12 above shall be reduced by the greater of: (a) an amount that corresponds to the percentage of responsibility of the Defendant for common damages; or (b) the amount paid by or on behalf of the Defendant to the Settlement Class or Settlement Class Member for common damages.

14. **Rule 11 Findings**: The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

15. **No Admissions**: Neither this Judgment, the Memorandum of Understanding, the Stipulation (whether or not the Settlement is consummated), including the exhibits thereto, the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court),

and/or the Supplemental Agreement, nor the negotiations leading to the execution of the Memorandum of Understanding, the Stipulation, and/or the Supplemental Agreement, nor any proceedings taken pursuant to or in connection with the Memorandum of Understanding, the Stipulation, the Supplemental Agreement, and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a) shall be offered against any of the Defendant Related Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendant Related Parties with respect to the truth of any fact alleged by Lead Plaintiff or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any of the Defendant Related Parties, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendant Related Parties or in any way referred to for any other reason as against any of the Defendant Related Parties, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b) shall be offered against any of the Plaintiff Related Parties, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiff Related Parties that any of their claims are without merit, that any of the Defendant Related Parties had meritorious defenses, or that damages recoverable under the Complaints would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiff Related Parties, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

(c) shall be construed against any of the Defendant Related Parties or the Plaintiff Related Parties as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; provided, however, that if this Stipulation is approved by the Court, the Parties, the Defendant Related Parties, the Plaintiff Related Parties and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement; and provided further that nothing herein shall limit the materials or evidence that may be offered or referred to by Defendant Related Parties in disputes, actions, or proceedings arising between Defendant Related Parties.

16. **Retention of Jurisdiction**: Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Lead Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Settlement Class Members for all matters relating to the Action.

17. Separate orders shall be entered regarding approval of a plan of allocation and the motion of Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses. Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

18. **Modification of the Agreement of Settlement**: Without further approval from the Court, Lead Plaintiff and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of

9

Settlement Class Members in connection with the Settlement. Without further order of the Court, Lead Plaintiff and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement. In accordance with paragraph 45 of the Stipulation, any such modifications must be reflected in a writing signed on behalf of both Lead Plaintiff and Defendants (or their successors-in-interest).

19. **Termination of Settlement**: If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Lead Plaintiff, Settlement Class Members and Defendants, and the Parties shall revert to their respective positions in the Action on the day prior to the first date on which a Party executed the Stipulation.

20. **Entry of Final Judgment**: There is no just reason to delay the entry of this Judgment as a final judgment in this Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter this final Judgment in this Action.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida this 6 day of February, 2017.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

cc: Counsel of Record