UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:14-cv-81323-DMM

THE CITY OF LOS ANGELES, ACTING THROUGH ITS FIRE AND POLICE PENSION SYSTEM, ACTING BY ORDER OF AND THROUGH ITS BOARD OF FIRE AND POLICE PENSION COMMISSIONERS, Individually and on Behalf of All Others Similarly Situated,

                          *Plaintiffs*,

v.

BANKRATE, INC., EDWARD J. DIMARIA, KENNETH S. ESTEROW, GOLDMAN, SACHS & CO., MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED, RBC CAPITAL MARKETS, LLC, AND STEPHENS, INC.,

                          *Defendants*.

## ORDER AWARDING ATTORNEYS' FEES AND EXPENSES

This matter is before the Court on Lead Counsel's Motion for an Award of Attorneys' Fees and Expenses, filed on December 30, 2016 (DE 159). All capitalized terms used herein have the meanings set forth in the Stipulation and Agreement of Settlement, dated July 18, 2016 (the "Stipulation"), and filed the same day (DE 154). The Court having considered all papers filed and proceedings had herein, having found the Settlement of the Action to be fair, reasonable and adequate, and otherwise being fully informed in the premises and good cause appearing therefore;

**IT IS HEREBY ORDERS, ADJUDGED, AND DECREED** that:

1.     This Court has jurisdiction to enter this Order. This Court has jurisdiction over the subject matter of this Action and all matters relating thereto, and over all Parties to the Action, including all members of the Settlement Class.

2.     Pursuant to and in compliance with Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finds and concludes that due and adequate notice was directed to all Persons and entities who are Settlement Class Members, including individual notice to those Settlement Class

Members who could be identified through reasonable effort, advising them of Lead Counsel's application for attorneys' fees and expenses and of their right to object thereto, and a full and fair opportunity was accorded to Persons and entities who are Settlement Class Members to be heard with respect to Lead Counsel's application for attorneys' fees and expenses. The form and method of notifying the Settlement Class of Lead Counsel's application for attorneys' fees and expenses met the requirements of Federal Rule of Civil Procedure 23, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §78u-4(a)(7), and all other applicable law and rules, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all Persons and entities entitled thereto.

3. Lead Counsel is hereby awarded attorneys' fees in the amount of 10 % of the Settlement Fund (which amount includes accrued interest), as well as reimbursment of expenses in the amount of $175,044.41, which sums the Court finds to be fair and reasonable. The attorneys' fees and expenses awarded will be paid to Lead Counsel from the Settlement Fund in accordance with the terms of the Stipulation.

4. In making this award of attorneys' fees and expenses to be paid from the Settlement Fund, the Court has considered and found that:

(a) The Settlement has created a fund of $20,000,000 in cash that has been funded into an escrow account pursuant to the terms of the Stipulation, and numerous Settlement Class Members who submit valid Proof of Claim Forms will benefit from the Settlement, created by the efforts of Lead Counsel;

(b) The Notice was disseminated to over 37,180 putative Settlement Class Members or their nominees stating that Lead Counsel would seek attorneys' fees not to exceed 10% of the Settlement Fund, and reimbursement of expenses paid or incurred in connection with the

institution, prosecution and resolution of the claims against Defendants, in an amount not to exceed $250,000, and there have been no objections to these requests;

(c) The Court is advised that Plaintiffs' Counsel have expended more than 4,803 hours in connection with the prosecution and resolution of the Action, with a lodestar value of $2,506,611.75 to achieve the Settlement;

(d) The Action involves complex factual and legal issues and, in the absence of a settlement, continuing with the claims against Defendants would involve lengthy proceedings whose resolution would be uncertain;

(e) Lead Counsel has prosecuted the claims against Defendants for two years and achieved the Settlement with sufficiently skillful and diligent advocacy;

(f) The Action was litigated on a purely contingent basis; and

(g) The amount of attorneys' fees and expenses awarded from the Settlement Fund are fair and reasonable and consistent with awards in similar cases.

5. Any appeal or any challenge affecting this Court's approval of the attorneys' fee and expense application shall in no way disturb or affect the finality of the Judgment entered with respect to the Settlement.

6. Jurisdiction is hereby retained over the Parties and the Settlement Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order.

7. The Court directs immediate entry of this Order by the Clerk of the Court.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida this 6 day of February, 2017.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

cc: Counsel of Record

3